UNITED STATES of America, Appellee,

v.

Anthony J. TURSI, Petitioner, Appellant.

No. 80–1829.

United States Court of Appeals,
First Circuit.

Submitted May 7, 1981.

Decided July 28, 1981.

Anthony J. Tursi, on brief pro se.

Raymond L. Acosta, U. S. Atty., and H. Manuel Hernandez, Asst. U. S. Atty., Hato Rey, P. R., on brief for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BREYER, Circuit Judges.

PER CURIAM.

Appellant brought this action under 28 U.S.C. § 2255 seeking to vacate the sentence imposed upon his guilty plea to a charge of possessing stolen blank airline tickets in violation of 18 U.S.C. § 659. The district court denied relief and this appeal followed.

Appellant's son pled guilty to the same charge. As part of the plea agreement with appellant the government pledged to recommend and did recommend that the son receive a sentence to a year's probation under the Youth Corrections Act, 18 U.S.C. § 5005, *et seq.* The district court did not choose to follow the recommendation but the government in making it had fulfilled its part of the agreement, *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

Appellant claims that the prosecution's recommendation was based on an erroneous view of the law under *United States v. Santiago*, 576 F.2d 562 (3d Cir. 1978), in which the Third Circuit held that the Youth Corrections Act did not apply in the Virgin Islands, it not being one of "the States of the United States", 18 U.S.C. § 5024. *But cf. Cordova & Simonpietri Insurance Agency, Inc. v. Chase Manhattan Bank N.A.*, 649 F.2d 36 (1st Cir. 1981) (Puerto Rico to be treated like a state for purposes of Sherman Act). In view of this error, appellant argues that the plea agreement was void. Appellant thus seeks to bring himself within a principle we have recognized in *Correale v. United States*, 479 F.2d 944 (1st Cir. 1973): that a plea agreement will be set aside if induced by a prosecutor's promise to recommend a sentence that is "impossible of fulfillment", *id.* at 946–47 & n.3, as when it is "plainly contrary to law", *id.* at 948, although we did "not go so far as to say that minor and harmless slips by prosecutors will void a plea bargain". *Id.*, at 947.

In this case it is far from clear that the prosecutor's recommendation was based on any legal error, not to mention a plain error. The savings clause of the Puerto Rican Organic Act is broad. 48 U.S.C. § 734 ("The statutory laws of the United States not locally inapplicable, except as ... otherwise provided, shall have ... effect ....."). No court has held the Youth Corrections Act inapplicable in Puerto Rico. Indeed, availability of the Youth Corrections Act has long been assumed by the district court, which, as illustrated by a sample of some sixty such sentences between 1970 and 1978, has frequently sentenced under it. We have shared this assumption in our review of such cases. This pattern was corroborated by the action of the sentencing judge in this case; he refused to invoke the Youth Corrections Act, not because of any doubts as to its availability, but because he felt the defendant would not benefit from it.

Appellant therefore can show no prejudice. He got precisely what he bargained for, which was the district judge's consideration—backed by the prosecutor's good faith recommendation—of Youth Corrections Act sentencing for his son. Appellant had accepted the risk that the judge might not do the prosecutor's bidding. The recommendation of leniency, even if it were some day found to be unsupportable as a matter of statutory construction, caused appellant no harm. The plea agreement consequently was in no way "meaningless". *Correale*, 479 F.2d at 949.

*Affirmed.*