UNITED STATES of America, Plaintiff–Appellee,

v.

Ranaldo J. GAMBLE, Defendant–Appellant.

No. 90–5076.

United States Court of Appeals, Tenth Circuit.

Oct. 29, 1990.

Ronald L. Wallace, Oklahoma City, Okl., for defendant-appellant.

Tony M. Graham, U.S. Atty., and John S. Morgan (OCDETF), Tulsa, Okl., for plaintiff-appellee.

Before McKAY, BALDOCK, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Ranaldo J. Gamble pleaded guilty to a one-count indictment charging him with conspiring to distribute 50 grams, or more, of cocaine-base in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iii), and 853. Gamble was sentenced to imprisonment for 96 months, to be followed by 60 months of supervised release and a special assessment of $50.

Pursuant to 18 U.S.C. § 3742, Gamble appeals the sentence thus imposed, contending that as a part of his plea agreement the United States Attorney had advised him that he would not be imprisoned for more than four years. He asks that we order "specific performance" and direct the district court to vacate its sentence and impose a four-year sentence. Alternatively, Gamble asks that he be allowed to withdraw his plea of guilty. As a minimum request, Gamble asks that we direct the district court to hold an evidentiary hearing on his claim that the United States Attorney promised him that he would not be sentenced to more than four years imprisonment.

As indicated, Gamble's plea of guilty resulted from a plea agreement with the government. The agreement was embodied in a letter prepared by an Assistant United States Attorney and signed by both Gamble and his attorney. In that letter, Gamble was advised that the punishment provided for by the applicable statute was ten years to life imprisonment, but that he would be sentenced in accord with the Sentencing Guidelines. Further, he was advised that after an offense level was determined, "additional calculations, whether reductions or increases, will be left solely to the determination of the sentencing judge." He was also advised that "timely acceptance of responsibility" would allow a two-point reduction of the offense level, but that the sentencing judge would make the determination of whether there had been such "timely acceptance." The Assistant United States Attorney then wrote as follows:

Accordingly, the government is willing to enter into the following agreement with your client, Ranaldo Gamble, concerning investigations being conducted by various law enforcement agencies. In return for your client's cooperation and truthful testimony before any federal grand jury investigating illegal matters, as well as truthful testimony in any trial, including the current charge, against any defendant, or in any trial that may arise out of any case, or any investigation or related investigations in other federal districts, and his plea of guilty to the above referenced Indictment, the government will not subject him to additional federal criminal prosecutions for any criminal acts he committed in connection with such conspiracy, and will grant him immunity for the use of his disclosures and testimony. Additionally, the government agrees to advise the sentencing court, by motion before sentencing and/or after sentencing pursuant to Rule 35(b), F.R. C.P., that the defendant has made a good faith effort to provide substantial assistance (§ 5K1.1), if he has in fact done so, thereby allowing the court to a downward departure from the guidelines, which may in fact go below the 10 year minimum sentence.

*The actual sentence rendered by the district court following your client's plea of guilty remains in the sole discretion of the trial judge* and the government cannot predetermine what would be the final result of the court's evaluation and decision after all factors are considered (emphasis added).

At the hearing when Gamble changed his not guilty plea to one of guilty, the plea agreement referred to above was presented to the sentencing judge and Gamble stated that such was the extent of his agreement with the government. The district court advised Gamble that the "ultimate determination" of the exact sentence to be imposed would be "up to the court." Gamble responded that he understood that to be the case. Gamble was further advised by the district court that the court didn't have to follow "any recommendation" of the

government, and Gamble said he understood that too.

At sentencing, the United States Attorney did make a motion pursuant to Guideline § 5K1.1 and advised the district court that Gamble had given "substantial assistance" to the government in its investigation and prosecution of others. A presentence report was given the district court to which neither the government nor defense counsel voiced any particular objection. It was agreed that the guideline range was from 188 months to 235 months. Based on the government's § 5K1.1 motion, the district court departed downward from the sentencing guidelines range and imposed a sentence of 96 months imprisonment. In so doing, the district judge noted that, in effect, he had reduced the "offense level" from 36 to 28, thereby reducing the sentence "almost 50% from the minimum [of] 188 months." At the hearing, Gamble said nothing to indicate that he had been promised by the United States Attorney, or anyone else, that he would not receive more than a four-year sentence, and he was forthwith committed to custody.

From a supplemental record we learn that on March 29, 1990, seventeen days after Gamble was sentenced and seven days after a notice of appeal had been filed, Gamble filed in the district court some sort of affidavit wherein he stated that the United States Attorney had promised him that he would not receive more than a four-year sentence. The government thereafter filed a response to Gamble's affidavit in which it denied making any such promise, and the district court later entered an order that under the circumstances an evidentiary hearing was unnecessary.

In determining the rights of a defendant, or the government, under a plea agreement in a criminal proceeding the "[c]ourts have frequently looked to contract law analogies...." *United States v. Calabrese,* 645

F.2d 1379, 1390 (10th Cir.1981). *See also United States v. Stemm,* 847 F.2d 636, 637 (10th Cir.1988) and *United States v. Reardon,* 787 F.2d 512, 516 (10th Cir.1986).

It is a fundamental rule of contract law that the terms of a clear and unambiguous written contract cannot be changed by parol evidence. *See Schwartz v. Slawter,* 751 F.2d 317, 320 (10th Cir.1984) and *Percival Constr. Co. v. Miller & Miller Auctioneers,* 532 F.2d 166, 171 (10th Cir.1976). And that rule has been followed by other Circuit Courts where a plea agreement in a criminal proceeding is clear and unambiguous. *United States v. Rutledge,* 900 F.2d 1127, 1132 (7th Cir.1990); *United States v. Fry,* 831 F.2d 664, 666–67 (6th Cir.1987); *Hartman v. Blankenship,* 825 F.2d 26, 29 (4th Cir.1987); *Baker v. United States,* 781 F.2d 85, 90 (6th Cir.1986), *cert. denied,* 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). The present case does not come within any *Blackledge* exception, as Gamble's belated claim is negated *in toto* by the plea agreement itself. *See Blackledge v. Allison,* 431 U.S. 63, 74–75, 97 S.Ct. 1621, 1629–30, 52 L.Ed.2d 136 (1977).[1]

In our view, the plea agreement between Gamble and the government is clear and unambiguous and completely negates Gamble's belated claim that he was not to receive a sentence in excess of four years imprisonment. This conclusion is fortified by the proceedings wherein Gamble changed his plea to one of guilty, as charged, and also at sentencing, where he was sentenced, *inter alia,* to imprisonment for 96 months. The transcript of those two proceedings completely negates the suggestion that as a part of his plea agreement he was not to be sentenced in excess of four years. In such circumstances, Gamble cannot vary the plea agreement by self-serving parol evidence, and there was no need to hold an evidentiary hearing into the matter.

---

1. In *Blackledge,* at p. 75, footnote 6, 97 S.Ct. at 1630, footnote 6, the Supreme Court said that "even a written contractual provision declaring that the contract contains the complete agreement of the parties, and that no antecedent or extrinsic representations exist, does not conclusively bar subsequent proof that such additional

agreements exist and should be given force. The provision denying the existence of such agreements, of course, carries great weight, but it can be set aside by a court on the grounds of fraud, mistake, duress, 'or on some ground that is sufficient for setting aside other contracts.'"

Gamble also claims that a state police officer who was assisting in the investigation of this case stated that he, Gamble, would not receive a sentence in excess of four years. Such, of course, is also at odds with the clear and unambiguous language of the plea agreement, which provided, *inter alia*, that "the actual sentence rendered by the district court ... remains in the sole discretion of the trial judge...."

Judgment affirmed.