946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas Patrick BETHEL, Petitioner-Appellant,
v.
Dareld L. KERBY, Warden, Respondent-Appellee.
 No. 90-2264.
 United States Court of Appeals, Tenth Circuit.
 Oct. 9, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, Thomas Patrick Bethel, is before us on an application for a certificate of probable cause in order that he might appeal the district court's denial of his petition for a writ of habeas corpus. In his petitioner, Bethel asserts that his 1984 plea of guilty in state court to the charge of receiving stolen property, and his agreement to a charge under New Mexico's habitual offender statute, were unconstitutionally induced by an unfulfilled promise on the part of the state that any sentence imposed would run concurrently with a sentence to be imposed by a state court in another judicial district on a then pending charge of armed robbery. Bethel contends that this alleged promise was breached by the state and the court which imposed a consecutive sentence. Bethel contends further that his counsel was constitutionally ineffective in that counsel informed Bethel that if he entered the plea agreement he would receive a concurrent sentence with that expected to be imposed for the armed robbery charge, and by failing to object when that promise was disregarded. He alleges that his counsel was further ineffective by failing to move for withdrawal of the plea agreement when a consecutive sentence was imposed. The district court adopted the magistrate judge's proposed findings and recommended disposition and dismissed Bethel's petition. We grant a certificate of probable cause, and affirm.
 
 
 3
 The basic facts are as follows. On October 30, 1984, Bethel, who was represented by counsel, entered into a detailed plea agreement, a copy of which we attach hereto. That agreement recites Bethel's considerable criminal history, including felony dealing in credit cards, forgery of a credit card, residential burglary, and armed robbery. In addition, the agreement refers to another charge which was pending at that time, which the file reveals to have been another armed robbery charge. On March 11, 1985, after Bethel had been sentenced on the armed robbery in another state court, the state court for the County of Bernallilo, Second Judicial District, sentenced Bethel to a term of 18 months on the charge of receiving stolen property, with four years enhancement as an habitual offender, with the five and one-half year total sentence to run consecutively to the sentence imposed on the armed robbery charge. Five years later, Bethel commenced this attack on the latter sentence by filing a petition for a writ of habeas corpus in New Mexico District Court. In that petition he alleged that it was his "understanding" that he would receive a concurrent, not a consecutive sentence if he pled guilty, that his attorney led him to believe that he would receive a concurrent sentence, that his attorney ineffectively defended him by doing so, and that the handwritten insertion of paragraph 10 in the plea agreement was made without his knowledge or consent. He attached a letter from his attorney, Shannon Robinson, purporting to support some of the contentions just outlined.
 
 
 4
 On April 10, 1990, the state district court denied relief, specifically finding that the "tape of the plea on 10/30/84 shows that paragraph 10 of the plea agreement was discussed and that defendant was fully aware of the situation." Bethel then filed a motion for reconsideration in which, in two numbered paragraphs, he renewed his claim that his attorney misadvised him that his sentence would be concurrent with the armed robbery sentence, and that "the Court [which imposed the consecutive sentence now being challenged, and before the which the state habeas petition was then under consideration] was unaware that the District Court in Las Cruces would later enhance the Petitioner's sentence by an additional 3 (three) years through a habitual charge." The motion for reconsideration did not renew Bethel's charge that the handwritten paragraph 10 in the plea agreement was inserted without his knowledge, understanding or consent. On May 9, 1990, the same state district court denied Bethel's motion for reconsideration in an order which stated as follows:
 
 ORDER
 
 5
 Defendant Bethel's Motion for Reconsideration of his Petition for Habeas Corpus having been considered by the Court and the court having reviewed paragraph 10 of the Repeat Offender Plea and Disposition Agreement and having listened to the tape of the hearing wherein defendant changed his plea on October 30, 1984,
 
 
 6
 Finds that Defendant was made fully aware that there was no agreement that his sentence in Bernallilo County would run concurrent with his sentence in Dona Ana County and that this would be left up to the Judge at the time of sentencing.
 
 
 7
 Motion for Reconsideration is denied.
 
 
 8
 /s/ Frank H. Allen, Jr.
 
 
 9
 FRANK H. ALLEN, JR.
 
 District Judge; Division IV
 
 10
 R.Vol. I, Tab 10 (emphasis added.) Thereafter, the New Mexico Supreme Court denied Bethel's petition for a writ of certiorari.
 
 
 11
 As indicated by the facts just recited, Bethel's federal habeas petition embellished his ineffectiveness claim with claims not raised in his petition filed in state court, to wit: that counsel was ineffective for failing to object when a consecutive sentence was entered, allegedly in violation of an agreement to the contrary, and for failing to file a motion to withdraw the plea agreement. Neither of those specific claims were exhausted in state court--an omission which is inconsequential in view of our analysis and disposition. The magistrate judge recommended denial of relief on the ground that the state court explicitly determined that Bethel was aware that no agreement had been made concerning the terms of his sentence, and that finding is entitled to a presumption of correctness. 28 U.S.C. § 2254(d), Sumner v. Mata, 449 U.S. 539 (1981), Case v. Mondragon, 887 F.2d 1388 (10th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 1490 (1990). As indicated above, the district court adopted the magistrate's findings and recommendation and, upon a de novo review, dismissed Bethel's petition with prejudice.
 
 
 12
 On appeal, Bethel renews the claims outlined above, and contends that the district court additionally erred when it failed to hold an evidentiary hearing on the claims raised in the petition. He relies in particular on a letter from his counsel, dated February 21, 1990, contending that "this letter clearly indicates that the state promised a concurrent sentence." Appellant's Brief in Chief at 2. He also argues that when a plea rests on a promise of the prosecutor, that promise must be fulfilled regardless of the role it played in the defendant's decision to plead. Appellant's Reply Brief at 2.
 
 
 13
 We reject Bethel's arguments. The plea agreement clearly states the terms of the plea in considerable detail including a statement in paragraph 1. that the disposition will be as prescribed by law and that the state will remain silent at sentencing, and a statement in paragraph 10. that "no promises have been made as to terms of sentence." The plea agreement concludes with a representation by Bethel's counsel that he has discussed the matter with his client in detail and concurs in the entry of the plea on the terms and conditions set forth in the plea agreement itself. The February 21, 1990, letter from Bethel's counsel, Shannon Robinson (a copy of which is attached hereto), does not clearly indicate that the state promised a concurrent sentence. It states "I felt like I had received assurances ..." (emphasis added). It also states that Robinson, not the state, made a mistake. Furthermore, on November 20, 1986, Robinson wrote a letter (copy attached) to the governor of New Mexico seeking clemency for Bethel. That letter says nothing about an alleged breach of plea agreement by the government in this case.
 
 
 14
 It simply defies credulity that Robinson had a supposed agreement with the state regarding sentencing which was not included in the detailed written plea agreement, then would stand by at sentencing and allow the supposed agreement to be breached without objection or comment on the record, then allow time to pass without bringing the matter to the attention of the court or some other authority while being interested and active enough to seek clemency from the governor on Bethel's behalf on other grounds, then after five years to more or less suggest that there may have been an agreement or "assurance" which was breached. Furthermore, the record discloses that Bethel is no stranger to the courts. It further defies credulity that either Bethel or Robinson would believe that a government prosecutor had the power to bind the court with respect to a sentence to be imposed, beyond merely incorporating a proposed sentence in a written plea agreement for presentation to the court for approval or disapproval, and in view of the fact that the plea agreement which was tendered to and signed by the court, specifically stated that no promises had been made.
 
 
 15
 Finally, we have the dispositive finding by the New Mexico courts that Bethel was "fully aware that there was no agreement that his sentence in Bernallilo County would run concurrent with the sentence in Dona Ana County." The magistrate judge correctly noted that this finding of historical fact "shall be presumed to be correct." 28 U.S.C. § 2254(d); Case v. Mondragon, 887 F.2d at 1392-93. Contrary to Bethel's arguments, such a finding disposes of his ineffectiveness claims, since counsel could not be ineffective when Bethel was fully aware that there was no agreement with respect to his sentence. As we stated in United States v. Gamble, 917 F.2d 1280, 1282 (10th Cir.1990), "the plea agreement ... is clear and unambiguous and completely negates [Bethel's] belated claim...." On this record, and especially in view of the presumptively correct findings on the matter by the state court, the district court was not obliged to hold an evidentiary hearing on the claims contained in Bethel's petition.
 
 
 16
 We grant a certificate of probable cause, and AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 Oct. 30, 1984
 SECOND JUDICIAL DISTRICT COURT
 COUNTY OF BERNALILLO
 STATE OF NEW MEXICO
 CR No. 37463
 CR No. 37463 SUPPLEMENTAL
 DA File #: 83-1190-01
 
 17
 STATE OF NEW MEXICO, Plaintiff,
 
 
 18
 vs.
 
 
 19
 THOMAS PATRICK BETHEL,
 
 
 20
 aka ALAN CLIFF MARSHALL GALLAGHER,
 
 
 21
 aka DOUGLAS PATRICK BAKER,
 
 DOB: 2/9/50
 SSN: rhw-sw-wzox/p>
 ADD: 600 Adam St. SE, Alb, NM
 
 22
 Las Cruces Jail, Defendant.
 
 REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT
 
 23
 The State of New Mexico and the defendant hereby agree to the following disposition of this cause number:
 
 
 24
 PLEA: The defendant agrees to plead GUILTY to the following offense as to this cause number: COUNT 11: RECEIVING STOLEN PROPERTY (Over $100), a felony offense occurring on or about July 10, 1983.
 
 
 25
 The Defendant also agrees to admit his identity as the same person convicted of:
 
 
 26
 1. Dealing in Credit Cards of Another, a felony offense occurring on or about April 17, 1976, and Forgery of a Credit Card, a felony offense occurring on or about April 19, 1976 in Criminal Cause No. 27850, in the District Court of the Second Judicial District, Bernalillo County, New Mexico, on January 1, 1977.
 
 
 27
 2. Residential Burglary, a felony offense occurring on or about September 23rd, 1974, in Criminal Cause No. 25367, in the District Court of the Second Judicial District, Bernalillo County, New Mexico, on December 12, 1974.
 
 
 28
 3. Armed Robbery (Six Counts), felony offenses occurring on or about September 27, 1979 as to Counts I through IV and September 18, 1979 as to Counts V and VI, in Criminal Cause No. 32573, in the District Court of the Second Judicial District, Bernalillo County, New Mexico, on January 22, 1980.
 
 
 29
 The defendant also agrees to admit his identity as the same person convicted of the crimes enumerated in Counts I-III of the Supplemental Information filed in Cause No. CR 37463-SUPPLEMENTAL, alleging that he is an Habitual Offender and should be sentenced as a Third Offender pursuant to the HABITUAL OFFENDER STATUTE.
 
 
 30
 TERMS: On the following understandings, terms and conditions:
 
 
 31
 1. No more severe than the following disposition will be made of the charge: as prescribed by law. The State will remain silent at sentencing. The State and the defendant understand that the applicable penalty for the charge of Receiving Stolen Property (Over $100) is a basic sentence of 18 months but not less than 1 year nor more than 2 years imprisonment and not more than $5,000 fine, plus 4 years imprisonment as to the Third Habitual Offender charge.
 
 
 32
 2. The following charges will be dismissed or if not yet filed, shall not be brought against the defendant: Counts III and IV of Indictment No. 37463 and additional Habitual Offender Proceedings. The State will not pursue additional Habitual Offender Proceedings against the defendant to enhance his sentence in this cause number unless the defendant fails to fulfill his obligations under this agreement.
 
 
 33
 3. The defendant also stipulates that the above convictions, including that to which he is pleading guilty pursuant to this agreement, are valid and free from fundamental error and agrees not to contest their validity if additional Habitual Offender Proceedings should be instituted pursuant to the terms and effectiveness of each and all of the above felony convictions, including that to which he is pleading guilty pursuant to this agreement.
 
 
 34
 4. The defendant waives any and all time limits for the filing of additional Habitual Offender Proceedings in this cause including Rule 37 of the Rules of Criminal Procedure and any constitutional claims.
 
 
 35
 5. The defendant's fingerprints and photograph will be taken and will be recorded as those of the person entering into this agreement and will be recorded and made a part of the court records under this cause number. These fingerprint and photograph records will be made and recorded specifically for the purpose of introduction as evidence on the issue of identity (or any other issue) of the person convicted of the prior convictions listed above and the person convicted pursuant to this agreement.
 
 
 36
 6. In the event the defendant violates any municipal, county, state, or federal law of any jurisdiction after entry of this plea or in any way violates any of the conditions of any probation or parole to which he may be or become subject after entry of this agreement, the State may and will file additional Habitual Offender Proceedings against the defendant and may and will use the defendant's admission of identity on the prior felony convictions in such additional Habitual Offender Proceedings, regardless of whether probation or parole is revoked as a result of such violation.
 
 
 37
 7. This agreement, unless rejected or withdrawn, serves to amend the complaint, indictment, or information to charge the offense to which the defendant pleads, without the filing of any additional pleading. If the plea is rejected or withdrawn, the original charges are automatically reinstated.
 
 
 38
 8. Unless this plea is rejected or withdrawn, the defendant hereby made or raised, or could assert hereafter concerning the Court's entry of judgment against him consistent with this agreement.
 
 
 39
 9. If, after reviewing this agreement and any presentence report, the Court concludes that any of its provisions are unacceptable, the Court will allow the withdrawal of the plea, and this agreement shall be null and void. If the plea is withdrawn, neither the plea nor any statements arising out of the plea proceeding shall be admissible against the defendant in any criminal proceedings.
 
 
 40
 10. Defendant Tom Bethel will be sentenced on CR 37463 before Judge Allen after he has been sentenced on CR 84-58. It is the understanding of the parties that the separate offense of CR 37463 may by law be run concurrent to sentence of CR 84-58. No promises have been made as to terms of sentence.
 
 
 41
 I have read and understand the above. I have discussed the case and my constitutional rights with my lawyer. I understand that by pleading guilty I will be giving up my right to a trial by jury; to confront, cross-examine, and compel attendance of witnesses; and my privilege against self-incrimination. I understand that by admitting my identity on the prior convictions, I will be giving up my privilege against self-incrimination should additional Habitual Offender Proceedings be filed in this cause pursuant to this agreement. I understand that by admitting the validity and effectiveness of the prior convictions I am giving up my right to collaterally attack each and all of those convictions in the additional Habitual Offender Proceedings which may be filed pursuant to this agreement. I agree to enter my plea and admit my identity as indicated above on the terms and conditions set forth herein. I fully understand that if, as a part of this agreement, I am granted probation, a suspended sentence, or a deferred sentence by the Court, the terms and conditions thereof are subject to modification in the event I violate any of the terms or conditions imposed.
 
 
 42
 I have discussed this case with my client in detail and have advised him of his constitutional rights and all possible defenses. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I concur in the entry of the plea as indicated above and of the terms and conditions set forth herein.
 
 Signature Illegible
 10/30/84
 DEFENSE COUNSEL
 
 43
 I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interest of justice.
 
 Signature Illegible
 10/30/84
 PROSECUTOR
 APPROVED:
 
 44
 /s/ Frank H. Allen Jr.
 
 DISTRICT JUDGE
 SHANNON ROBINSON
 Attorney at Law
 503 Slate Avenue NW
 Albuquerque, NM 87102
 
 45
 (505) 247-2972
 
 November 20, 1986
 The Honorable Toney Anaya
 Office of the Governor
 Santa Fe, New Mexico 87503
 RE: THOMAS PATRICK BETHEL
 Dear Governor:
 
 46
 I am writing to request Executive Clemency for Thomas Patrick Bethel, who is incarcerated in the Los Lunas branch of New Mexico Penitentiary. I represented Mr. Bethel on a plea agreement entered into in Bernalillo County before then District Judge Frank Allen. Mr. Bethel plead guilty to receiving and concealing stolen property and being an habitual offender. He was indicted in Dona Ana County for an armed robbery and was found guilty and sentenced to the maximum ten years in the penitentiary.
 
 
 47
 After the Dona Ana County sentencing, Mr. Bethel was transported to Bernalillo County where Judge Allen gave him the maximum time of five and one-half years and ran the sentence consecutive to the ten years he received in Dona Ana County.
 
 
 48
 More than a year later Mr. Bethel received a criminal summons charging him again with being an habitual offender. This was based on the armed robbery offense he was charged with and sentenced on previously. I arranged for Mr. Bethel to plea to a three year charge as an habitual offender and he was once again sentenced to consecutive time.
 
 
 49
 Mr. Bethel is currently serving eighteen and one-half years in the NM Penitentiary, at Los Lunas, prisoner number 24577-02R. His date of birth is 2/9/50 and his social security number is uad-ng-jfuh FBI # 940-053-6.
 
 
 50
 Mr. Bethel was injured in the NM Penitentiary riot when he was hit in the head with a meat cleaver. A Mr. James Simms conducted a psychological evaluation on Bethel and found him to suffer from organic brain damage as a result of the injury.
 
 
 51
 Governor, I respectfully request that Mr. Thomas Bethel's sentence be reduced by a period of five years. For a man to enter into agreements with our State and then find that extra charges are added on more than a year later to be run consecutive to his time being served is cruel and unusual punishment.
 
 
 52
 I believe an appropriate sentence for Bethel is thirteen and one-half years which he should serve and still have hope of a rehabilitated future.
 
 
 53
 Thank you for your consideration in this request.
 
 
 54
 Sincerely,
 
 
 55
 /s/ Shannon Robinson
 
 SR/gb
 Enclosure
 Psychological evaluation
 Letter to ADA Alfred Perez
 Judgment and Sentence
 SHANNON ROBINSON
 WESTERN BANK BUILDING
 505 MARQUETTE, NW, SUITE 1605
 ALBUQUERQUE, NEW MEXICO 87102
 505/247-9888
 February 21, 1990
 Tom Bethal
 No. 24577, Unit 02R
 P.O. Drawer 1328
 Los Lunas, New Mexico 87031-1328
 Dear Tom:
 
 56
 I have suggested to you on numerous occasions that you may have grounds to seek relief from your sentencing based on mistakes I made while representing you at the time of your sentencing. I felt like I had received assurances that your sentence would be ordered concurrent to the 10 years on the armed robbery in Las Cruces. My mistake was to communicate those assurances to you with the same confidence that I believed them to be true. I believe you have grounds to ask for a habeas corpus for incompetent counsel at the time of your sentence because of my bad advice to you. I have also indicated to you that I could not file such a habeas writ since I would be required to testify and admit the truth of my mistake at any hearing on your behalf. Please refer this letter to a separate attorney so that you can receive the proper representation.
 
 
 57
 I'm sorry that you are upset and sincerely regret that we did not achieve the outcome that you and I anticipated.
 
 
 58
 I have always represented your family and I continue to do so.
 
 
 59
 I sincerely hope that you secure your release as soon as possible.
 
 
 60
 Sincerely,
 
 
 61
 /s/ Shannon Robinson
 
 SR/jda
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3