USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2387 GREGG M. BEMIS, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ___________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ ____________________ Gregg M. Bemis on brief pro se. ______________ Donald K. Stern, United States Attorney, and Annette Forde, _________________ _____________ Assistant United States Attorney, on brief for appellee. ____________________ July 22, 1994 ____________________ SELYA, Circuit Judge. Petitioner Gregg Bemis appeals ______________ pro se from the summary dismissal of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. The centerpiece of his petition is the allegation that government prosecutors have reneged on a promise, made as part of his 1984 plea agreement, to secure (or at least recommend) his entry into the Federal Witness Protection Program (FWPP) upon his release from prison. From this premise, petitioner advances a number of claims--most of which are no longer zoetic and, therefore, need not be described at any length. In particular, to the extent he is seeking release on his state sentence, that claim is now moot. To the extent he is seeking damages for wrongful imprisonment, that claim has been explicitly withdrawn. And to the extent he is challenging (for reasons that are never explained) the term of probation imposed in 1991, that claim has received no developed argumentation on appeal and so has been implicitly waived. See, e.g., Ryan v. Royal Ins. Co., ___ ____ ____ ______________ 916 F.2d 731, 734 (1st Cir. 1990). The dismissal of these various claims is therefore affirmed. Petitioner's central claim--that the government's failure to fulfill its alleged promise regarding FWPP participation constitutes a due process violation--is another matter. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be -2- 2 said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. __________ ________ 257, 262 (1971). Contrary to the district court's jurisdictional ruling, we believe that habeas corpus provides an appropriate procedural vehicle for advancing a Santobello __________ claim. See, e.g., Kingsley v. United States, 968 F.2d 109, ___ ____ ________ _____________ 111 (1st Cir. 1992) (action under 2255 alleging breach of plea agreement). The government suggests that, if the U.S. Attorney's Office in fact made any promise regarding FWPP participation, such a representation would have been ultra vires, see, e.g., ___________ ___ ____ Doe v. Civiletti, 635 F.2d 88, 90 (2d Cir. 1980), and for ___ _________ that reason unenforceable. Yet "[a] plea induced by an unfulfillable promise is no less subject to challenge than one induced by a valid promise which the Government simply fails to fulfill." United States v. Cook, 668 F.2d 317, 320 _____________ ____ (7th Cir. 1982); accord, e.g., Mabry v. Johnson, 467 U.S. ______ ____ _____ _______ 504, 509 (1984) (plea induced by "unfulfillable promises" subject to challenge); Correale v. United States, 479 F.2d ________ _____________ 944, 946-47 (1st Cir. 1973) (plea rendered involuntary because of failure to carry out promise that was "impossible of fulfillment"). The government's argument instead pertains -3- 3 to the appropriate form of remedy--a matter that we have no occasion here to address.1 As a result, "the crucial question is not whether the Government had the authority to carry out the promise which [petitioner] claims he understood it to make, but whether it did in fact make such a promise." Cook, 668 F.2d at 320. ____ Petitioner advances a colorable claim in the sense that, on appeal, he has submitted two affidavits from the former prosecutors in his case that strongly support his allegations.2 He nonetheless has two strikes against him in ____________________ 1. We do note that courts on occasion have specifically enforced promises that would encroach on the jurisdiction of independent entities. See, e.g., Palermo v. Warden, 545 F.2d ___ ____ _______ ______ 286, 296 (2d Cir. 1976) (enforcing promise of early parole, in face of contrary decision of Parole Board, and ordering defendant's release as "the only meaningful relief in the context of this case"), cert. dismissed, 431 U.S. 911 (1977); _______________ see generally 2 W. LaFave & J. Israel, Criminal Procedure _____________ __________________ 20.2, at 600-01 (1984). We also note the rather obvious point that, should a breach of promise be found in the instant case, the appropriate form of remedy will depend on the nature of that promise. See, e.g., Geisser v. United ___ ____ _______ ______ States, 513 F.2d 862, 869, 872 (5th Cir. 1975) (promise by ______ Department of Justice, which district court construed as assurance that petitioner would not be deported to Switzerland, is interpreted by appeals court as pledge to use its "best efforts" to persuade State Department not to do so; as so construed, promise is specifically enforced). 2. The government, while protesting that such evidence should not be considered, has responded by submitting the transcript of the Rule 11 hearing and a copy of the written plea agreement. We think it appropriate to consider such materials, inasmuch as the district court summarily dismissed the pro se petition here sua sponte without affording ___________ petitioner the opportunity to amend. Cf. Johnson v. ___ _______ Rodriguez, 943 F.2d 104, 108 n.3 (1st Cir. 1991) (agreeing to _________ consider claim not raised below under such circumstances), cert. denied, 112 S. Ct. 948 (1992); Lesko v. Lehman, 925 ____________ _____ ______ -4- 4 this regard. First, the written plea agreement (signed by petitioner, his counsel, and the U.S. Attorney) contains no reference to the FWPP, and declares that "[n]o additional promises, agreements or conditions have been entered into other than as set forth in this letter and none will be entered into unless in writing and signed by all parties." Second, at the Rule 11 hearing, the district court read portions of the plea agreement into the record and then inquired of petitioner: "Except for what is contained in that agreement, has anyone made any promises to you to induce you to plead guilty?" Petitioner, while under oath, responded in the negative. No mention of the FWPP was made at any time during this hearing. Given these circumstances, petitioner's attempt to establish that an additional promise was made as part of the inducement for his plea faces daunting hurdles. A defendant is ordinarily bound by his or her representations in court disclaiming the existence of additional promises. See, e.g., ___ ____ Baker v. United States, 781 F.2d 85, 90 (6th Cir.) ("where _____ _____________ Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation of why defendant did not ____________________ F.2d 1527, 1538 n.8 (3d Cir.) (noting that appeals court had directed petitioner to file affidavit from his attorney detailing plea negotiations), cert. denied, 112 S. Ct. 273 _____________ (1991). It makes no difference in any event, since a remand would be warranted even if we confined our attention to the allegations in the petition, disregarding both sides' additional proffers. -5- 5 reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court"), cert. denied, 479 U.S. 1017 ____________ (1986); Barnes v. United States, 579 F.2d 364, 366 (5th Cir. ______ _____________ 1978) ("Where, from the transcript, the plea-taking procedures are clear and regular on their face, a petitioner asserting the existence of a bargain outside the record and contrary to his own statements under oath bears a heavy burden."); see also United States v. Pellerito, 878 F.2d ________ _____________ _________ 1535, 1539 (1st Cir. 1989) (defendant cannot "turn his back on his own representations to the court merely because it would suit his convenience to do so"). Likewise, the use of parol evidence to supplement the terms of an unambiguous written plea agreement is ordinarily frowned upon, especially where that agreement disclaims the existence of additional promises. See, e.g., United States v. Ingram, 979 F.2d 1179, ___ ____ _____________ ______ 1184 (7th Cir. 1992), cert. denied, 113 S. Ct. 1616 (1993); ____________ United States v. Gamble, 917 F.2d 1280, 1282 (10th Cir. ______________ ______ 1990); Hartman v. Blankenship, 825 F.2d 26, 29 (4th Cir. _______ ___________ 1987); see also United States v. Hogan, 862 F.2d 386, 388 _________ ______________ _____ (1st Cir. 1988) (fact that plea agreement disclaims existence of other promises "militate[s] strongly" against defendant's assertion to contrary). Yet each of these rules is subject to exception in unusual cases. In Blackledge v. Allison, 431 U.S. 63 (1977), __________ _______ -6- 6 the Court stated that no "per se rule" could be adopted _______ "excluding all possibility that a defendant's representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea [unlawful]." Id. at 75; see, e.g., Gamble, 917 F.2d at 1282 ___ ___ ____ ______ & n.1 (noting that case did not "come within any Blackledge __________ exception"); United States v. Hammerman, 528 F.2d 326, 331 _____________ _________ (4th Cir. 1975) (defendant's oral disavowal of additional promises cannot be "considered conclusive" under circumstances). Referring to the parol evidence rule, the Blackledge Court explicitly noted that a written contractual __________ provision disclaiming the existence of additional promises, while deserving of "great weight," does not "conclusively bar subsequent proof that such additional agreements exist and should be given force." 431 U.S. at 75 n.6; accord, e.g., ______ ____ Kingsley 968 F.2d at 115 (explaining that "parol evidence ________ rule is not rigidly applied in construing plea agreements" because contract issues that are involved implicate "constitutional rights as well as concern for the fair administration of justice") (quoting United States v. Garcia, _____________ ______ 956 F.2d 41, 43-44 (4th Cir. 1992)) (internal quotation marks omitted).3 ____________________ 3. We acknowledge that the Blackledge holding was based in __________ part on the sparse record of the change-of-plea hearing and the "ambiguous status of the process of plea bargaining at -7- 7 For several reasons, we are unwilling prematurely to foreclose the possibility that the instant case might be sufficiently unusual to call for an exception to these rules. First, petitioner alleges that both his counsel and the government prosecutor advised him that the FWPP promise was an "administrative matter" that did not need to appear in the plea agreement or be mentioned in court. Second, he claims that, to the extent this advice was erroneous, his counsel provided ineffective assistance. Third, despite the provision in the plea agreement requiring any amendments to be in writing, the record indicates that the agreement was later modified (to provide for the dismissal of three counts) without such written documentation. Fourth, petitioner could not have been expected to object, at the Rule 11 hearing or at sentencing, to the alleged breach of promise, inasmuch as any such breach occurred only years later. Compare, e.g., _______ ____ Baker, 781 F.2d at 90 ("It is significant that ... the _____ alleged promise was broken, if at all, right before defendant and in open court."). Fifth, the district court, having summarily dismissed on jurisdictional grounds, has not had ____________________ the time the guilty plea was made." 431 U.S. at 76; see ___ Baker, 781 F.2d at 89 (distinguishing Blackledge on this _____ __________ basis). Nonetheless, it cannot be said that the advent of modern Rule 11 procedures has robbed that decision of all currency. See, e.g., 2 W. LaFave & J. Israel, Criminal ___ ____ ________ Procedure 20.5, at 668 (1984) (even where Rule 11 hearing _________ was flawless, there are still "some circumstances" in which an evidentiary hearing may be required) (internal citations and quotation marks omitted). -8- 8 the opportunity to consider this issue. And finally, on the limited record before us--keeping in mind, especially, the prosecutors' affidavits (which the district court did not have the benefit of reading) and the fact that petitioner was placed in a security program while in prison-- the allegation that he was promised protection cannot be dismissed out of hand as fanciful. While it is unlikely that any of these factors, standing alone, would warrant a remand, we think that they are sufficient in combination to render further proceedings appropriate. We need go no further.4 For the reasons stated, the judgment of the district court is affirmed in part and reversed in part, and the case is remanded for further proceedings. It is so ordered. _________________ ____________________ 4. We note that the district court has appointed counsel in a related action recently filed by petitioner. Bemis v. _____ Pappalardo, No. 94-10151 (D. Mass.). Whether the two actions __________ ought to be consolidated, and whether counsel ought to be appointed in the instant case, are matters we entrust to the district court's discretion. Cf. United States v. Mala, 7 ___ _____________ ____ F.3d 1058, 1064 n.7 (1st Cir. 1993) (noting that "selection of appointed counsel is a matter best left to the court in which such counsel is to appear"), cert. denied, 114 S. Ct. ____________ 1839 (1994). -9- 9