42 F.3d 1384
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Gerald W. CLEMENTE, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 94-1155
 United States Court of Appeals,
First Circuit.
 Dec. 12, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. William G. Young, U.S. District Judge ]
 Gerald W. Clemente on brief pro se.
 Donald K. Stern, United States Attorney, and Alexandra Leake, Assistant U.S. Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before CYR, BOUDIN and STAHL, Circuit Judges.
 Per Curiam.
 
 
 1
 George W. Clemente appeals the summary denial of his Sec. 2255 motion for relief from the sentence imposed upon his guilty plea. We affirm.
 
 
 2
 Clemente is a former police captain in the Metropolitan District Commission Police. In April, 1986, he admitted to masterminding a long-standing scheme to steal advance copies of civil service examinations and sell them to policemen around the state so they could cheat and obtain fraudulent promotions. Pursuant to a plea bargain with federal and state prosecutors, Clemente agreed to cooperate with the authorities in exchange for various concessions relating to pending and future charges, and the conditions of his confinement. As part of the bargain, Clemente pled guilty to a single count of racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1962. The crime carried a maximum possible imprisonment penalty of twenty years.
 
 
 3
 The government agreed to recommend, and did recommend, imposition of a twenty-year sentence on the RICO charge to run concurrently with a state sentence which Clemente was already serving for an unrelated theft from the Depositors Trust Company in Malden. The district court did not choose to follow the government's recommendation in this regard, however, instead sentencing Clemente to a fifteen-year term for his federal crime, to begin upon completion of the state sentence. This is Clemente's third assault in federal court on the consecutiveness of his sentence. In a direct appeal from imposition of the sentence, he argued that the government breached the plea agreement by failing to repeat the recommendation orally at the sentencing hearing. Finding no breach of the agreement, "either in its letter or spirit," this court affirmed the sentence. United States v. Doherty, 867 F.2d 47, 72 (1st Cir.), cert. denied, 492 U.S. 918 (1989).
 
 
 4
 Shortly thereafter, Clemente moved in the district court for a reduction of the sentence under Fed. R. Crim. P. 35(b), arguing that its effect was to unfairly require him to serve a minimum of thirty years in state custody before commencing his federal term. The government again joined in urging the court to revise Clemente's sentence to run concurrently with the state sentence. In an independent review, the court found Clemente's argument "to be utterly without substance." United States v. Clemente, 729 F. Supp. 165, 167 (D. Mass. 1990). In reaching this decision, the court clearly explained its reasoning under the sentencing laws applicable to Clemente's terms of imprisonment.
 
 
 5
 Under his state sentence, Clemente is eligible for parole after serving one-third of his minimum term of confinement. He presently has a state parole eligibility date of December 7, 1995. Under the law in effect at the time this Court imposed its federal sentence on Clemente, he will become eligible for parole after serving one-third of his federal sentence, in this case five years. Even a twenty year concurrent federal sentence (it will be remembered that this Court imposed a 15 year sentence upon Mr. Clemente) would place his federal release date sometime before December 7, 1995, resulting in no time whatsoever being served for the extraordinarily serious racketeering offense of which he has been convicted.
 
 
 6
 Id. Then, after carefully revisiting the equities and the law and, though not required to, consulting the new sentencing guidelines for purposes of comparison, the court again concluded that the sentence imposed was just. Id. at 170. Clemente did not appeal.
 
 
 7
 Presumably spurred by the approach of his state parole eligibility date, Clemente now collaterally renews his quest for a concurrent sentence with an argument not previously urged. He now argues that the prosecution's promise to recommend imposition of a concurrent federal sentence was void ab initio, because the sentencing court did not have the "power" to impose such a sentence under the law applicable to his crime. For crimes committed prior to November 1, 1987, there is no formal mechanism for providing that a federal sentence will be served concurrently with an existing state sentence.[1] Generally, a sentencing court may achieve this result only by "recommending" to the Attorney General that the Bureau of Prisons designate the state prison as the place of confinement for service of the federal sentence. See 18 U.S.C. Sec. 4082(b) (1982)[2]; James B. Eaglin, Sentencing Federal Offenders for Crimes Committed Before November 1, 1987 at 6-7 (Federal Judicial Center 1991) [Eaglin, Sentencing ]. In the absence of a recommendation from the district court, however, the sentence will be served in a federal prison and automatically run consecutively to the unexpired state sentence. See United States v. Pungitore, 910 F.2d 1084, 1119 (3d Cir. 1990), cert. denied, 500 U.S. 915 (1991); Eaglin, Sentencing at 7.[3]
 
 
 8
 In Clemente's view, this legal anomaly brings his case within a principle we have long recognized: that a plea agreement will be set aside if induced by a prosecutor's promise to recommend a sentence that is "impossible of fulfillment," as when it is "plainly contrary to law." Correale v. United States, 479 F.2d 944, 946-47 (1st Cir. 1973) (following Brady v. United States, 397 U.S. 742 (1970), and Santobello v. New York, 404 U.S. 257 (1971)); see also Bemis v. United States, 30 F.3d 220 (1st Cir. 1994); United States v. Kurkculer, 918 F.2d 295, 297-98 (1st Cir. 1990). We have never gone so far as to say, however, that "minor and harmless slips" will void a plea bargain. Correale, 479 F.2d at 947; see also United States v. Tursi, 655 F.2d 26 (1st Cir. 1981).
 
 
 9
 We do not see an error here, and certainly no "plain" error. Nothing in the plea agreement required the prosecutor to recommend that the district court achieve concurrency by a particular means, let alone an illegal, or nonexistent mechanism. Had the court been persuaded by the prosecutor's recommendation, there were available ample lawful means for its fulfillment. See Eaglin, Sentencing at 5-12 (flexible sentencing options for crimes committed prior to November 1, 1987, include shortened terms, early parole eligibility, suspended sentences, fines, and recommended concurrent terms); see also House Report at 37-141, 1984 U.S.C.C.A.N. 3220-324 (comparison with new sentencing laws). Cooperation by other officials with a recommendation from the court for a concurrent term is the norm, see Eaglin, Sentencing at 6; Nass, 755 F.2d at 1135, 1137; Williams, 651 F.2d at 647 n.2; Janiec, 505 F.2d at 988; Herb, 436 F.2d at 568; and there was no reason to doubt it in this case.
 
 
 10
 The availability of lawful means for achieving the recommended result is what distinguishes this case from Correale. In Correale, the prosecutor recommended a mechanism for effecting a concurrent sentence that was both unlawful, (a minimum term greater than that allowed by law), and illusory, because the state sentence was about to expire. Although aware of the defect, the sentencing court did not afford Correale an opportunity to withdraw his plea prior to imposing a term of lawful length which did not achieve concurrency. We decided that relief was required because,
 
 
 11
 "It is the defendant's rights that are being violated when the plea agreement is broken or meaningless. It is his waiver which must be voluntary and knowing. He offers that waiver not in exchange for the actual sentence or impact on the judge, but for the prosecutor's statements in court. If they are not adequate, the waiver is ineffective."
 
 
 12
 Correale, 479 F.2d at 949.
 
 
 13
 Clemente, however, got what he bargained for. The prosecution vigorously recommended a concurrent sentence at a time when the existing state sentence had many years to run. The specific means for achieving concurrency was not broached by either party because, after thoughtful consideration, the court rejected the recommendation for lawful reasons that were well within its discretion. Our cases do not require relief from a mistake that was not made, nor a remedy for hypothetical non-cooperation with the court that has not occurred. Cf. Bemis, 30 F.3d at 221 (considerations of remedy must await proof of a promise and its breach).
 
 
 14
 A review of the plea hearing transcript leaves no doubt that Clemente's guilty plea in this regard was knowing, intelligent and voluntary. The court warned Clemente in strong terms of its inclination to impose a consecutive sentence and recessed the plea hearing to permit him to consult with his attorney prior to accepting his plea. Clemente then chose to plead guilty after a full Rule 11 colloquy in which he acknowledged his understanding of the court's warning and all other relevant matters. See Fed. R. Crim. P. 11.
 
 
 15
 Clemente argues that it was error for the district court to resolve this Sec. 2255 motion without an evidentiary hearing. However, a petitioner under Sec. 2255 bears the usual burden of showing that his motion cannot be effectively "heard" on the papers. See United States v. McGill, 11 F.3d 223, 225- 26 (1st Cir. 1993). The mainstay of his challenge, above, did not require an evidentiary hearing because it raised only an issue of law.
 
 
 16
 A hearing also was not required on the remaining claims, discussed seriatim below, because each was invalid as a matter of law, or contradicted by the record. Id. at 225.
 
 
 17
 1. There is no merit to Clemente's arguments that his counsel provided ineffective assistance, and the court erred during the plea colloquy, by failing to advise Clemente of the statutory details pertaining to concurrent and consecutive sentences. Even if one, or both of them had a duty to impart this information (which we doubt), the record belies any plausible claim that Clemente would not have pled guilty but for the omission, or that it resulted in a miscarriage of justice. See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985) (to prevail on a claim of ineffective assistance in a plea agreement petitioner must show that there is a reasonable probability that, but for counsel's error, he would not have pled guilty but would have insisted on going to trial); United States v. Timmreck, 441 U.S. 780, 783 (1979) (nonconstitutional error in a Rule 11 colloquy does not provide a basis for relief under Sec. 2255 unless it amounts to a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure).
 
 
 18
 2. The record contradicts Clemente's claim that the court failed to warn him that he would not be permitted to withdraw his plea if the court rejected the prosecution's sentencing recommendation. Although the court did not use formulaic words, the court's repeated emphasis on the invariable repercussions of a guilty plea, and the recess to permit Clemente to consult with counsel about the court's warnings, combined to leave no doubt about the finality of the plea. Cf. United States v. Medina-Silverio, 30 F.3d 1 (1st Cir. 1994) (Rule 11 is satisfied by substantial compliance, courts are not required to follow a formula of "magic words"). There was no fundamental defect in the plea colloquy.
 
 
 19
 3. Clemente's allegation that he was misled during the plea hearing recess by prosecutorial pressures and promises, is contradicted by the hearing transcript as well as his own affidavit. His affidavit recites only that his attorney told him during the recess that the prosecutor had stated his "firm belief" that the judge would impose a concurrent sentence after he heard of Clemente's cooperation and testimony at trial. The transcript shows that when Clemente returned to the hearing he swore under oath that no additional promises had been made. See Bemis, 30 F.3d at 222- 23 (in the absence of unusual facts lending plausibility to belated allegations, a defendant is bound by his or her sworn representations in court disclaiming the existence of additional promise).
 
 
 20
 Finally, Clemente was not entitled to the appointment of counsel for this Sec. 2255 motion, see United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993), cert. denied, 114 S. Ct. 1839 (1994), and his argument that the district judge should have recused himself from hearing the motion is specious. See Panzardi-Alvarez v. United States, 879 F.2d 975, 985 (1st Cir. 1989) (there is nothing per se wrong with the sentencing judge reviewing a Sec. 2255 petition), cert. denied, 493 U.S. 1082 (1990); see also Liteky v. United States, 114 S. Ct. 1147, 1155 (1994) (a judge is not recusable because he has formed an opinion of the case based on information acquired while presiding over it, unless his opinion is so extreme as to display clear inability to render fair judgment); McGill, 11 F.3d at 226 (a district judge may rely upon his memory of earlier proceedings in ruling on a Sec. 2255 motion).
 
 
 21
 Affirmed.
 
 
 
 [1]
 For offenses committed after November 1, 1987, 18 U.S.C. Sec. 3584(a) (1984), now expressly authorizes the district court to impose concurrent sentences. See H.R. Rep. No. 1030, 98th Cong. 2d Sess. 126-27, reprinted in 1984 U.S. Code Cong. & Ad. News 3309-10 [House Report]
 
 
 [2]
 As applied to crimes committed prior to November 1, 1987, Sec. 4082(a), has been construed to mean that the Attorney General has the sole authority to designate the place of confinement. See, e.g., United States v. Williams, 651 F.2d 644, 647 (9th Cir. 1981); United States v. Naas, 755 F.2d 1133, 1137 (5th Cir. 1985); United States v. Huss, 520 F.2d 598 (2d Cir. 1975); United States v. Janiec, 505 F.2d 983, 987-88 (3d Cir. 1974), cert. denied, 420 U.S. 948 (1975); United States v. Herb, 436 F.2d 566, 567 (6th Cir. 1971). This authority was delegated to the Bureau of Prisons in 28 C.F.R. Sec. 0.96. Since 18 U.S.C. Sec. 3568 (1966) (repealed eff. Nov. 1, 1987) prescribes that a sentence for such crimes begins to run only when the person is "received" at the place of confinement, designation of the state prison was usually required to effect concurrency with an unexpired state sentence
 
 
 [3]
 The second prong of Clemente's argument, that the sentencing court was also deprived of the power to impose a consecutive sentence, has been rejected by the majority of courts. See United States v. Hardesty, 958 F.2d 910, 913 (9th Cir. 1992) (citations); Pungitore, 910 F.2d at 1119 (same)