72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff,
v.
James Douglas DONAHUE, Defendant-Appellant.
 No. 95-1169.
 United States Court of Appeals, Tenth Circuit.
 Dec. 8, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 KELLY, Circuit Judge.
 
 
 1
 Mr. Donahue, an inmate appearing pro se, appeals from the denial of his motion to enforce his plea agreement, which we construe as a 28 U.S.C. 2255 motion. See Bemis v. United States, 30 F.3d 220, 221 (1st Cir.1994) ( 2255 appropriate for claim that government breached the plea agreement). We affirm.
 
 Background
 
 2
 In January 1992, Mr. Donahue was sentenced to imprisonment based on a plea of guilty to a one-count information charging securities fraud, 15 U.S.C. 78j(b) and 78ff and 17 C.F.R. 240.10b-5. In April 1995, he filed the instant motion, taking issue with two March 1993 notices of deficiency issued by the Internal Revenue Service advising that he owed additional tax and penalties for tax years 1984 through 1989. He argued that the government, acting through the Internal Revenue Service, breached the terms of his plea agreement[3] and that attempts to collect additional tax violate the prohibition against double jeopardy. I R. doc. 2. He also urged the court to stay the IRS proceedings against him, id., something the district court had no power to do because of the Anti-Injunction Act, 26 U.S.C. 7421.
 
 
 3
 Mr. Donahue's motion was not served on the government and the district court did not order the government to show cause. Aplee. Br. at 2 n. 2. Instead, the district court determined that the motion was "without merit and frivolous because litigation by the government in the Tax Court in an effort to collect taxes is not bringing 'charges' with the meaning of the plea agreement." I R. doc. 3.
 
 Discussion
 
 4
 The government has filed a brief on appeal arguing the merits. Neither the government nor the district court's order addressed procedural bar, see United States v. Walling, 982 F.2d 447, 448-49 (10th Cir.1992); United States v. Khan, 835 F.2d 749, 753-54 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988), and we do not consider it here. We review de novo the district court's legal conclusion that the plea agreement has not been violated. United States v. Robertson, 45 F.3d 1423, 1442 (10th Cir.1995), cert. denied, 115 S.Ct. 2258, 2259 & 116 S.Ct. 133 (1995).
 
 
 5
 Mr. Donahue argues that the government's attempt to collect income tax and related penalties is equivalent to bringing "other charges" against him in violation of the Double Jeopardy Clause. The guarantee against double jeopardy protects against a second criminal prosecution for the same offense, and against multiple punishments for the same offense. Witte v. United States, 115 S.Ct. 2199, 2204 (1995); North Carolina v. Pearce, 395 U.S. 711, 717 (1969). The civil income tax provisions involved in no way represent a second criminal prosecution for securities fraud. Securities fraud and the failure to pay income taxes are separate courses of conduct or offenses; thus, the Fifth Amendment bar against multiple punishments for the same offense also is without application. Thomas v. Commissioner, 62 F.3d 97, 99-100 (4th Cir.1995).
 
 
 6
 Moreover, collection of income tax and penalties does not constitute punishment; the imposition and collection of such taxes is remedial. See United States v. Halper, 490 U.S. 435, 447-448 (1989) (recognizing distinction generally). The income tax is a revenue raising device of general application, unlike the Montana dangerous drug tax held punitive for double jeopardy purposes in Department of Revenue of Montana v. Kurth Ranch, 114 S.Ct. 1937, 1946-48 (1994). As for the fraud and substantial understatement penalties, I.R.C. 6653, 6661, the Court has held a similar penalty remedial, "a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and loss resulting from the taxpayer's fraud." Helvering v. Mitchell, 303 U.S. 391, 401 (1938) (holding that a fifty percent addition to income tax based on the total amount of the deficiency attributable to fraud with an intent to evade tax did not violate double jeopardy). See also Thomas, 62 F.3d at 102 (I.R.C. 6653 penalty "does no more than compensate the government for its damages and costs"); McNichols v. Commissioner, 13 F.3d 432, 435-36 (1st Cir.1993) (rejecting claim that tax assessment, including penalties, based on forfeited assets constituted multiple punishments), cert. denied, 114 S.Ct. 2705 (1994).
 
 
 7
 Having said that, we agree with the district court that the plea agreement cannot reasonably be construed as precluding assessment of income taxes and penalties. The fact that the plea agreement concerned the offense of securities fraud does not automatically insulate the product of that fraud from taxation. See Thomas, 62 F.3d at 101.
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [3]
 The plea agreement provided:
 Defendant will plead guilty to the one count information charging him with violation of 15 U.S.C. 78j(b) and 78ff and 17 C.F.R. 240.10b-5. The government will not bring other charges against the Defendant arising out of his operation of a stock options investment program for the investing public during the period from 1980 to August, 1990.
 I R.S. doc. 1.