Jean Pierre **BAERGA–SUÁREZ,** Petitioner,

v.

**UNITED STATES of America,** Respondent.

Civ. No. 11–1352(ADC).
Crim. No. 06–086(ADC).

United States District Court, D. Puerto Rico.

Signed July 1, 2014.

Jean Pierre Baerga–Suarez, Bayamon, PR, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

## OPINION AND ORDER

AIDA M. DELGADO–COLÓN, Chief Judge.

Presently pending before the Court is petitioner Jean Pierre Baerga–Suárez's ("petitioner") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C.A. § 2255 ("§ 2255"). **ECF No. 1.** Petitioner filed his § 2255 motion on April 18, 2011. *Id.* On December 2, 2011, the government filed a response in opposition to petitioner's motion. **ECF No. 8.** On January 12, 2012, petitioner's motion was referred to Magistrate Judge Justo Arenas for Report and Recommendation (R & R). **ECF No. 11.** On February 3, 2012, the Magistrate Judge issued the R & R. **ECF No. 14.** On February 27, 2012, petitioner presented his objections to the R & R's findings. **ECF No. 15.**

## I. Factual Background

### A. Procedural History

Petitioner was indicted on March 6, 2006, along with five other defendants, in a ten-count indictment. **Crim. No. 06–086, ECF No. 21.** Petitioner was charged with all counts, including a charge of conspiracy, substantive narcotics drug offenses, and possession of a machine gun with an obliterated serial number. *Id.*

On October 19, 2006, during a change of plea hearing, petitioner pleaded guilty to Counts One and Ten of the ten-count indictment[1]. **Crim. No. 06–086, ECF No.** 148 & 149. According to the plea agreement signed by petitioner, the remaining counts were to be dismissed at the time of sentence. **Crim. No. 06–086, ECF No. 148.**

With regards to sentencing, the terms of the plea agreement as to Count One specified a base offense level of 28, pursuant to U.S.S.G. § 2D1.1; a three level reduction for accepting responsibility for the offense pursuant to U.S.S.G. § 3E1.1(a) & (b); and a two level increase for leadership pursuant to U.S.S.G. § 3B1.1(c). *Id.* at 5. After computations, the total offense level for Count One was calculated in the agreement as 27, corresponding to a guideline sentencing range between 70 and 87 months. *Id.* Relating to Count Ten, the terms of the plea agreement specified a base offense level of 22, pursuant to U.S.S.G. § 2K2.1(a)(4)(B); a three level reduction accepting responsibility for the offense pursuant to U.S.S.G. § 3E1.1(a) & (b); and a two level increase for obliterated serial number pursuant to U.S.S.G. § 2K2.1(b)(4). *Id.* After computations, the total offense level for Count Ten was calculated as 21, corresponding to a sentencing range of between 37 and 46 months. *Id.* at 6.

The plea agreement assumed, although it did not stipulate, a Criminal History Category ("CHC") of I. *Id.* However, after the Pre–Sentence Investigation, petitioner was considered to have a CHC of III. **Crim. No. 06–086, ECF No. 191.**

On April 17, 2011, at the sentencing hearing, defense counsel objected to the Criminal History Category findings in the

---

1. Petitioner was charged in the First Count with conspiring to knowingly and intentionally possess with the intent to distribute five kilograms or more of cocaine, one kilogram or more of a mixture or substance containing a detectable amount of heroin, and a measurable quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. **Crim. No. 06–086, ECF No. 21.** Count Ten of the indictment charges that petitioner knowingly and unlawfully possessed a firearm which has the serial number removed, obliterated, or altered, in violation of 18 U.S.C. § 922(k). *Id.*

Pre–Sentence Report ("PSR"). **Crim. No. 06–086, ECF No. 219.** Counsel had already submitted written objections to the PSR. **Crim. No. 06–086, ECF No. 189.** Ultimately, the Court found that petitioner had a CHC of III, which called for an imprisonment range of 87–108 months for Count One and 46–57 months for Count Ten. **Crim. No. 06–086, ECF No. 219.** Thus, the Court sentenced petitioner to 108 months of imprisonment as to Count One and 60 months as to Count Ten, to be served concurrently with each other, but consecutively to a state court sentence imposed by the Guayama Superior Court on March 16, 2007 in criminal cases GIS2006G0010 and GIS2006G0011. *Id.*

On April 27, 2007, petitioner filed a notice of appeal. **Crim. No. 06–086, ECF No. 203.** In the appeal, petitioner claimed that during the change of plea hearing, the sentencing court failed to explain that if he proceeded to trial, the government would have to prove his guilt beyond a reasonable doubt. **Crim. No. 06–086, ECF No. 237.** On July 10, 2008, judgment was entered by the United States Court of Appeals for the First Circuit affirming the conviction pursuant to 1st. Cir. R. 27.0(c) and finding that the record of the change of plea hearing demonstrated that the sentencing court clearly spelled out the burden of proof and that petitioner understood[2]. *Id.*

**B. Present Proceeding**

■ On April 18, 2011, petitioner filed the presently pending motion to vacate, set aside or correct sentence pursuant to 28 U.S.C.A. § 2255. **ECF No. 1.** Petitioner claims that the district court abused its discretion when it improperly enhanced defendant's sentence based upon allegedly false information in the PSR as to his personal background. *Id.* Petitioner also argues that the government breached the plea agreement because the plea stipulated a sentence of 70–80 months for Count One and 37–46 months for Count Ten, yet petitioner received 108 months for Count One and 60 months for Count Ten. *Id.* He further accuses the government of prosecutorial misconduct for failing to provide discovery, favorable evidence and all *Brady* materials.[3] *Id.* Finally, petitioner asserts ineffective assistance of counsel because counsel failed to object to the false information in the PSR during the sentencing hearing. *Id.* For these reasons, petitioner requests the sentence be vacated and that he be re-sentenced. *Id.*

On December 2, 2011, the government filed a response in opposition to petitioner's motion arguing that it should be summarily denied. **ECF No. 8.** The government argues that denial is appropriate because the arguments are primarily perfunctory, particularly in relation to the allegations of ineffective assistance of counsel and the change of plea and sentencing

2. On October 20, 2009, petitioner again filed a notice of appeal from the judgment and sentence imposed on April 11, 2007. **Crim. No. 06–086, ECF No. 255.** On June 11, 2011, judgment was entered by the United States Court of Appeals for the First Circuit pursuant to 1st Cir. R. 27.0(d) for failure to respond to an order to show cause why the appeal should not be dismissed as untimely. **Crim. No. 06–086, ECF No. 274, 282.** The First Circuit noted that the warning was mailed to petitioner's address at FCI, Edgefield, South Carolina. *Id.*

3. Under *Brady*, the state violates a defendant's right to due process if it withholds evidence that is favorable to the defense or material to the defendant's guilt or punishment, regardless of good or bad faith. *Smith v. Cain,* —— U.S. ——, 132 S.Ct. 627, 630, 181 L.Ed.2d 571 (2012); *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963).

proceedings. *Id.* The government specifies that it is unable to glean from petitioner's allegations exactly what rights were violated, what information was not disclosed, what conduct of counsel was ineffective, what misconduct occurred, and what information in the Pre–Sentence Report was false. *Id.*

On January 12, 2012, petitioner's motion was referred to Magistrate Judge Justo Arenas for a Report and Recommendation ("R & R"). **ECF No. 11.** On February 3, 2012, an R & R was issued denying petitioner's motion to vacate his sentence. **ECF No. 14.** The R & R determined that petitioner failed to establish that counsel provided ineffective assistance or that the alleged deficiencies by counsel caused the petitioner any prejudice in the criminal proceedings. *Id.* The R & R notes that counsel negotiated a favorable plea for the petitioner considering that a functional machine gun was involved and that furthermore, there is no evidence to suggest that the attorney's representation fell below an objective standard of reasonableness. *Id.* In addition, the R & R found that the government did not breach the plea agreement. *Id.* Petitioner was made aware that the Court was not bound by the plea agreement and he was sentenced in accordance with the conditions of the plea agreement. *Id.* Finally, the R & R found that petitioner's prosecutorial misconduct claim was without merit because petitioner failed to specify or even hint at what materials the government failed to disclose. *Id.*

On February 27, 2012, petitioner submitted his objections to the R & R. **ECF No. 15.** In his objections, petitioner first argues that he was unable to present evidence related to allegedly false information in the PSR. *Id.* Moreover, petitioner asserts that the district court abused its discretion by improperly adding two points to his base offense level for possession of a weapon with an obliterated serial number and transferring those two points to the sentence for Count One, which was an unrelated count not connected to gun possession. *Id.* Petitioner also states that the government was aware of his prior convictions, and thus, intentionally lulled him into a plea agreement that would not reflect the final sentence. *Id.*

Having considered the R & R and petitioner's objections, the Court hereby **DENIES** petitioner's motion to set aside or vacate sentence (**ECF No. 1**) for the reasons set forth below.

## II. Legal Standard

### A. 28 U.S.C.A. § 2255

Under 28 U.S.C.A. § 2255, a prisoner in federal custody may petition the sentencing court to "vacate, set aside, or correct his sentence on the grounds that the court had imposed a sentence in violation of federal law." *Ellis v. United States,* 313 F.3d 636, 641 (1st Cir. 2002). A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. *See* 28 U.S.C.A. § 2255. A federal prisoner may challenge his or her sentence on the ground that *inter alia,* it "was imposed in violation of the Constitution or the laws of the United States." *Id.*

Because petitioner appears *pro se,* the Court construes his pleadings more liberally than those drafted by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Nevertheless, petitioner's *pro se* status does not excuse compliance with procedural and substantive law. *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).

## B. Applicable Standard of Review

A district court may refer pending motions to a magistrate judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); D.P.R. Civ. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); D.P.R. Civ. R. 72(d). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (citing *U.S. v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 2411, 65 L.Ed.2d 424 (1980)). The objections must specifically identify those findings or recommendations to which objections are being made. "The district court need not consider frivolous, conclusive, or general objections." *Rivera–García v. United States,* Civ. No. 06–1004, 2008 WL 3287236, at *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n,* 834 F.2d 419 (5th Cir.1987)). Moreover, to the extent that the objections amount to no more than general or conclusory objections to the report and recommendation, without specifying to which issues objection is made, or where the objections are repetitive of the arguments already made to the magistrate judge, a *de novo* review is unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992) ("It is improper for an objecting party to ... submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the magistrate judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")); *Rodríguez–González v. Astrue,* 854 F.Supp.2d 176, 178 (D.P.R. 2012).

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a), (b)(1); *see also Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharma., Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). Hence, the court may accept those parts of the report and recommendation to which the plaintiff does not object. *See Hernández–Mejías v. General Elec.,* 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing *LaCedra v. Donald W. Wyatt Det. Facility,* 334 F.Supp.2d 114, 125–26 (D.R.I.2004)).

In accordance with this standard, the Court reviews those portions of the R & R to which petitioner raised objections *de novo* and those to which no objections were raised the Court reviews for clear error.

## III. Discussion

As an initial matter, the Court deals with petitioner's argument that he was unable to present relevant arguments and evidence. **ECF No. 15.** Petitioner argues that due to his transfer from Edfield FCI to MDC Brooklyn, and then to Otisville FCL he was unable to receive the government's response (**ECF No. 8**) in time to submit a reply before the Magistrate Judge filed his Report and Recommendation (**ECF No. 14**). **ECF No. 15.** Thus, the R & R did not fully consider some of petitioner's claims which were only superficially alleged in the § 2255 motion and which petitioner wished to subsequently clarify.

The record shows that petitioner exercised due diligence in his efforts to present arguments. Petitioner notified the Court that he had not received the government's response, expressed his desire to reply to the response when filed and kept the Court up to date on his current address. **ECF No. 9, 10, 12.** Furthermore, the Court recognizes petitioner's right to submit an answer under Rule 5(d) of the Rules Governing Section § 2255, Proceedings for the United States District Courts, 28 U.S.C.A. § 2255. The Court shall not deny *pro-se* petitioner an opportunity to reply to the government's arguments when petitioner exercised due diligence.

Thus, the Court will review *de novo*, considering petitioner's reply arguments, the Magistrate Judge's determinations as to the alleged inaccuracies in the PSR, the weapon enhancement, the breach of plea agreement and the ineffective assistance of counsel claim. As to the R & R findings relating to the prosecutorial misconduct, to which claimant has made no specific objection, the Court reviews such for clear error.

### A. Alleged Inaccuracies in the PSR

Defendant has a due process right to be sentenced upon information which is not false or materially incorrect. *United States v. Curran*, 926 F.2d 59, 61 (1st Cir.1991). However, in order to vacate a sentence based on erroneous information in the PSR, petitioner must demonstrate that: (1) the challenged information is false or unreliable; and, (2) the sentencing court relied on the inaccurate information in order to determine the appropriate sentence, *i.e.* that there was actual preju-

dice. *Carsetti v. State of Me.*, 932 F.2d 1007, 1014 (1st Cir.1991); *see also Parness v. United States*, 368 F.2d 327 (3rd Cir. 1966), *cert. denied*, 386 U.S. 1012, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967).

Petitioner claims that the PSR included false information relating to his personal background. **ECF No. 1.** The R & R dismissed petitioner's arguments because he did not specify or reference what the alleged inaccuracies were. **ECF No. 14.** In his objections to the R & R, petitioner presents evidence alleging that the PSR included false information relating to where he attended primary school. **ECF No. 15.** Specifically, petitioner presents evidence of good behavior in school and the community, whereas the PSR states that petitioner had bad conduct at school, including incidents where petitioner threw rocks at the school and banged against windows. *Id.* Nevertheless, petitioner does not explain how the alleged inaccuracies[4] in the PSR contributed to the Court's determination when imposing sentence, apart from stating generally that the sentencing judge made comments that demonstrate a negative opinion of petitioner, which in turn affected the judge's judgment. *Id.* Petitioner fails to explain which comments he refers to, and on examination, the record does not support his assertions.

In the sentencing hearing, the Court did not reference or mention petitioner's school history or conduct at school. **Crim. No. 06–086, ECF No. 219.** The Court's remarks during the hearing show that the sentencing judge relied on petitioner's three prior convictions and his drug use to impose sentence. *Id.* Additionally, the

---

4. Although petitioner presents evidence of good conduct at school, he fails to show that the acts mentioned in the PSR, such as throwing rocks at school and banging against the windows, did not occur. Thus, the Court has

no reason to believe that the evidence suggesting petitioner sometimes demonstrated good behavior at school truly contradicts the other instances of bad conduct.

Court acknowledged petitioner's failure to benefit from his favorable family background. *Id.* Finally, petitioner cannot establish that the allegedly false information negatively influenced the Court's determination when the sentence of 108 months was within the guideline range applicable to the petitioner. Thus, the Court finds that petitioner fails to establish that the Court relied on the inaccurate information in order to determine the appropriate sentence.

Moreover, during the hearing, the Court asked petitioner if he had discussed the contents of the PSR with his attorney to which he answered yes. *Id.* The Court also asked petitioner if he had any objections to the contents of the PSR, specifically the personal background, family background and the guideline calculation, and he answered that he did not. *Id.* Given that petitioner failed during the sentencing hearing to raise a challenge regarding the alleged inaccurate information, he cannot claim relief on those grounds. *See United States v. Von Sultzer,* 532 F.Supp. 584, 587 (D.Nev.1982) (quoting *United States v. Leonard,* 589 F.2d 470 (9th Cir.1979)) (§ 2255 motion based upon false information in the PSR was denied where petitioner raised no factual challenge to the PSR when asked at the sentencing hearing).

Petitioner fails to establish that the allegedly inaccurate information in the PSR influenced the Court's determination. Thus, the Court **DENIES** petitioner's request for relief based upon his claim that the district court abused its discretion when sentencing petitioner by relying upon false information in the PSR.

### B. The Weapon Enhancement

▆▆▆ To apply a two level weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), the "government has the initial burden of establishing that a firearm possessed by the defendant was present during the commission of the offense." *United States v. Anderson,* 452 F.3d 87, 90 (1st Cir.2006). Once the government has made that showing, "the burden shifts to the defendant to persuade the factfinder that a connection between the weapon and the crime is clearly improbable." *Id.*

In his objections to the R & R, petitioner presents a challenge to the two point enhancement to his base offense level for possession of a weapon with an obliterated serial number, arguing that Count One was unrelated to the gun possession. **ECF No. 15.** In the PSR, the probation officer determined that the version of facts agreed upon in the plea agreement supported the enhancement for gun possession under U.S.S.G. § 2D1.1(b)(1). **Crim. No. 06–086, ECF No. 191.** The facts agreed to in the plea agreement stated that the petitioner sold 1,077 grams of cocaine and a submachine gun to the same undercover law enforcement officer on separate occasions. **Crim. No. 06–086, ECF No. 148.** Since the weapon with the obliterated serial number was sold to an undercover agent and petitioner pleaded guilty to that charge, the government meets their initial burden establishing that the weapon was present during the commission of the offense.

To controvert the government's findings, petitioner must demonstrate a clear improbability that the weapon possession was connected to the offense. *Anderson,* 452 F.3d at 90. The facts in the case show that petitioner was in possession and sold the submachine gun to the undercover agent at the same time the drug trafficking conspiracy was taking place. **Crim. No. 06–086, ECF No. 222.** Moreover, petitioner sold both the drugs and the submachine gun with an obliterated serial number to the same undercover agent. *Id.* Since petitioner possessed and sold the

submachine gun while trafficking drugs, it is reasonable to infer that the weapon was connected and contributed to the furtherance of the drug trafficking activity. *See United States v. Elk*, 632 F.3d 455, 458 (8th Cir.2011) ("The sentencing guidelines provide for a two level enhancement if a defendant possessed a dangerous weapon while involved in drug trafficking.") Given the facts, petitioner fails to establish a clear improbability that the weapon was connected to the offense.

▊▊▊ In addition, even if the two level enhancement was not applied, petitioner would have an offense level of 27 with a CHC of III, for which the appropriate sentencing guideline would be 87–108 months. U.S.S.G. § 5a. Thus, the 108 month sentence imposed in this case would still be applicable under the appropriate sentencing guideline and petitioner cannot claim relief just because he received a harsher sentence than anticipated. *See United States v. Mercedes Mercedes*, 428 F.3d 355, 359 (1st Cir.2005) (quoting *United States v. Torres–Rosa*, 209 F.3d 4, 9 (1st Cir.2000)) ("The fact that a defendant finds himself faced with a stiffer sentence than he had anticipated is not a fair and just reason for abandoning a guilty plea.") Moreover, the Court is not bound by the plea agreement and may impose any sentence inside the statutory range for the applicable offense. U.S.S.G. § 6B1.4(d); *see United States v. Maling*, 942 F.2d 808, 810 (1st Cir.1991) (the government's sentencing recommendation to the Court is not binding on the Court).

Consequently, the Court finds that petitioner fails to establish a clear improbability that the weapon was connected to the drug offense. Further, the sentence imposed would still be appropriate even if the two point enhancement were not applied. Thus, the Court **DENIES** petitioner's request for relief based upon his claim that

the weapon enhancement was inappropriate because the weapon possession was unrelated to the drug offense.

## C. Breach of Plea Agreement

▊▊▊ Stipulations in plea agreements are not binding on the court. U.S.S.G. § 6B1.4(d). However, they are binding on the parties. *United States v. Yeje–Cabrera*, 430 F.3d 1 (1st Cir.2005). Thus, when the government fails to abide by the stipulation of facts, there is a breach of the plea agreement. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) (a plea agreement is a binding promise by the government and is an inducement for the guilty plea; a failure to support that promise is a breach of the plea agreement). A violation of the plea agreement by the government justifies remand for re-sentencing. *United States v. Riggs*, 287 F.3d 221, 226 (1st Cir.2002).

Here, the plea agreement stipulated an imprisonment term of 70–80 months for Count One and 37–46 months for Count Ten. **Crim. No. 06–086, ECF No. 148.** Ultimately, the petitioner received 108 months for Count One and 60 months for Count Ten. **Crim. No. 06–086, ECF No. 219.** Although petitioner raised the breach of plea agreement claim on his § 2255 motion, the lack of supporting arguments or specific references hindered the Magistrate Judge's consideration of petitioner's claim. **ECF No. 14.** Given the available information at the time, the R & R determined that the government adhered to the terms of the plea agreement. *Id.* In his objections to the R & R, petitioner claims the government was aware of his prior convictions, and thus, lulled him into a plea agreement that would not reflect his final sentence because of petitioner's CHC. **ECF No. 15.** However, even at this late stage, petitioner does nothing

more than present unsupported conclusions that the government tricked him into a plea agreement without presenting any concrete instances where the government acted in a deceitful way. *See United States v. Rodriguez Rodriguez,* 929 F.2d 747, 750 (1st Cir.1991) (quoting *Dziurgot v. Luther,* 897 F.2d 1222, 1225 (1st Cir.1990)) (a petition can be dismissed when petitioner's allegations cannot be accepted as truth because they are "conclusions rather than statements of fact.")

Petitioner ignores the conditions and terms he agreed to in the plea agreement. The plea agreement clearly states that the stipulated facts and recommended sentence are not binding on the Court, and the sentencing judge has "the authority to impose any sentence within the statutory maximum set for the offense for which the defendant pleads guilty." **Crim. No. 06–086, ECF No. 148.** Further, although the sentencing calculations in the agreement assumed a CHC of I, the parties did not stipulate to anything regarding the petitioner's criminal history. *Id.* Moreover, during the sentencing hearing, the government recommended that the Court impose the 87 month sentence agreed upon in the plea agreement. **Crim. No. 06–086, ECF No. 219.** Finally, there is no indication on record that the government knew at the time of the change of plea that petitioner's CHC would be higher because of petitioner's prior convictions. **Crim. No. 06–086, ECF No. 222.** Thus, petitioner fails to produce any evidence that the government acted in bad faith and the record does not support his claim that the government deceived him into a plea agreement that did not reflect the final sentence. *See United*

*States v. Alegria,* 192 F.3d 179, 186 (1st Cir.1999) ("In plea agreements, the government's burden of showing good faith is only a burden of production, not of persuasion. As long as the government satisfies this modest burden, the trial court need go no further unless the defendant makes a substantial threshold showing that the government acted in bad faith.")

Petitioner's sentence is higher than stipulated in the plea agreement because of petitioner's three prior convictions [5] which raised his CHC to III. *Id.* Consequently, the agreement reached with the government changed because of circumstances to which no stipulation was reached and there is no evidence that the government acted out of bad faith. Therefore, the Court finds that the government adhered to the terms of the plea agreement.

Thus, the Court **DENIES** petitioner's request for relief based on his claim that the government breached the plea agreement.

### D. Ineffective Assistance of Counsel

Additionally, petitioner claims that he received ineffective assistance of counsel because counsel did not object to the allegedly inaccurate information in the PSR. **ECF No. 1.** He further alleges that counsel allowed petitioner to plead guilty when there was no support for the factual basis set forth in the written plea. **ECF No. 15.** Petitioner also asserts that counsel did not object or make any request on the record regarding the concurrence of the state and the federal sentences. *Id.* Notwithstanding, the R & R concluded that there was not any credible evidence to support peti-

---

5. While a minor, petitioner committed a felony for which he was sentenced on November 28, 2000. On August 18, 2004, petitioner was found guilty at the Guayama Superior Court of domestic violence, assault and battery of a public official and obstruction of justice charges. Finally, on March 16, 2007, petitioner was sentenced to 18 years of imprisonment at the Guayama Superior Court for sexual assault and lecherous acts. **Crim. 06–086, ECF No. 191.**

tioner's claims. **ECF No. 14.** The R & R sustains that petitioner's arguments contradict Rule 11 colloquy in which petitioner agreed with the government's version of the facts. *Id.* Moreover, petitioner offers no good reason to retract from his previous statements on the record. *See Torres–Quiles v. United States,* 379 F.Supp.2d 241, 248–9 (D.P.R.2005) (citing *United States v. Marrero–Rivera,* 124 F.3d 342, 349 (1st Cir.1997)) ("It is the policy of the law to hold litigants to their assurances at a plea colloquy.") Furthermore, petitioner failed to even allege that, if not for the alleged errors from counsel, he would have proceeded to trial or rejected the plea offer. *See Hill v. Lockhart,* 474 U.S. 52, 57–58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (in the context of plea agreements, defendant must show that if not for counsel's ineffective assistance, the outcome of the plea process would have been different).

The only relevant objection to the R & R relating to this argument is the allegedly inaccurate information in the PSR already discussed above. **ECF No. 15.** To prevail on his claim of ineffective assistance of counsel, petitioner must show not only a deficient performance by trial counsel, "but also that the deficient performance prejudiced the defense and deprived the defendant of a fair trial." *United States v. Manon,* 608 F.3d 126, 131 (1st Cir.2010) (quoting *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In the above discussion, the Court already established that the allegedly inaccurate information did not cause any prejudice to the defendant at the time of sentencing. The sentencing judge did not rely on the allegedly inaccurate information and imposed the minimum sentence inside the applicable guideline range. **Crim. No. 06–086, ECF No. 219.** Counsel did object to the CHC determination in the PSR, and petitioned the

court during the sentencing hearing to allow the defendant to serve the state and federal sentences concurrently. **Crim. No. 06–086, ECF No. 189, 219.** Petitioner does not establish that counsel's failure to object to the allegedly inaccurate information caused him sufficient prejudice under the second prong of the *Strickland* test. Since petitioner failed to establish such prejudice, there is no need to consider if counsel's performance was deficient. *See Tevlin v. Spencer,* 621 F.3d 59, 66 (1st Cir.2010) ("A defendant's failure to satisfy one prong of the *Strickland* analysis obviates the need for a court to consider the remaining prong.") Thus, petitioner fails to establish that counsel provided ineffective assistance.

In addition, petitioner did not object to the false or inaccurate information when asked during the sentencing hearing by the Court. **Crim. No. 06–086, ECF No. 219.** Actually, petitioner acknowledged discussing the contents of the PSR with his attorney and affirmatively denied having any factual objections. *Id.* Petitioner does not provide evidence or valid reasons why the Court should allow him to retract from his previous statements on the record. *See United States v. Butt,* 731 F.2d 75, 80 (1st Cir.1984) ("[T]he presumption of truthfulness of the Rule 11 statements will not be overcome unless the allegations in the § 2255 motion are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified.")

Based on the R & R's findings and the above discussion, the Court **ADOPTS** the R & R's recommendation and **DENIES** petitioner's request for relief based on his ineffective assistance of counsel claim.

### E. Prosecutorial Misconduct

Petitioner claims that the government failed to provide the petitioner with discov-

ery, favorable evidence and all *Brady* materials. **ECF No. 1.** Petitioner does not object to the R & R's findings regarding prosecutorial misconduct, thus the Court reviews the Magistrate Judge's findings for clear error. The R & R determined that petitioner's broad and baseless claim lacked merit. *See Nikijuluw v. Gonzáles,* 427 F.3d 115, 120 (1st Cir.2005) ("Issues adverted in a perfunctory manner unaccompanied by some effort at developed argumentation, are deemed waived.") Even at this late stage, petitioner has failed to produce any evidence regarding his allegations or the bearing that the alleged prosecutorial misconduct might have had on his sentence. Accordingly, the Court finds that petitioner's claim for relief based on prosecutorial misconduct is meritless. *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.) *cert. denied,* 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work ... 'judges are not expected to be mind readers.'") Thus, the Court **ADOPTS** the R & R's recommendation and **DENIES** petitioner's request for relief based on allegations of prosecutorial misconduct.

## IV. Conclusion

For the reasons set forth above, the Court hereby **ADOPTS** the R & R (**ECF No. 14**) in full and **DENIES** petitioner Baerga–Suárez's motion to vacate, set aside, or correct sentence (**ECF No. 1**).

**IT IS SO ORDERED.**

*MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

On March 6, 2006, petitioner and five other defendants were charged in a ten-count indictment which included charges for serious narcotics and weapons violations. Petitioner was charged in all counts which include a charge of conspiracy, substantive narcotics drug offenses, and possession of a machine gun with an obliterated serial number.

This matter is before the court on motion filed by petitioner Jean Pierre Baerga–Suarez on April 18, 2011 to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1.) The government filed a response in opposition to the motion on December 2, 2011. (Docket No. 8.) The matter was referred to me for report and recommendation on January 12, 2012. (Docket No. 11).

Having considered the arguments of the parties and for the reasons set forth below, I recommend that the petitioner's motion to vacate sentence be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2006, petitioner Jean Pierre Baerga–Suarez filed a motion for change of plea through his attorney Luis Rivera–Rodriguez who informed the expectation of a successful end of plea negotiations with the United States Attorney. (Criminal 06–0086(ADC), Docket No. 125.) The change-of-plea hearing was scheduled for September 28, 2006 before U.S. Magistrate Judge Camille Velez–Rive but was not held because petitioner decided to exercise his right to trial at that time. (Criminal 06–0086(ADC), Docket No. 135.)

On October 19, 2006, after a status conference, petitioner pleaded guilty to counts one and ten of the ten-count indictment. He was charged in the first count in that he did knowingly and intentionally combine, conspire, confederate and agree together and with each other and with diverse other persons, to commit an offense

against the United States, that is, to knowingly and intentionally possess with intent to distribute and distribute five (5) kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled Substance; one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, and a measurable quantity of marijuana, both Schedule I, Narcotic Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. (Criminal 06–086(ADC), Docket No. 148.) Count TEN of the indictment charges that on or about August 30, 2005, in the District of Puerto Rico and elsewhere, and within the jurisdiction of this court, the defendant, Jean Pierre Baerga Suarez, did knowingly and unlawfully possess a firearm which has had the serial number removed, obliterated, or altered, and has at any time been shipped or transported in interstate and foreign commerce, to wit: Mark II Sten .9mm submachine gun. All in violation of 18 U.S.C. §§ 922(k). According to a plea agreement signed by petitioner, the remaining counts were to be dismissed at the time of sentence.

The plea agreement was entered on the same day that petitioner entered a guilty plea pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure. (Criminal 06–0086(ADC), Docket No. 148.) The terms of the agreement related to count one of the indictment call for a base offense level of 28, pursuant to U.S.S.G. § 2D1.1; and a three level reduction for accepting responsibility for the offense pursuant to U.S.S.G. § 3E1.1(a). There is a two level increase for leadership pursuant to U.S.S.G. § 3B1.1(c). After the computations, the total offense level was 27, corresponding to a guideline sentencing range of between 70 and 87 (Zone D). The terms of the agreement related to count ten of the indictment call for a base offense level of 22, pursuant to U.S.S.G. § 2K2.1(a)(4)(B); and a three level reduc-

tion for accepting responsibility for the offense pursuant to U.S.S.G. § 3E1.1(a). There is a two level increase for obliterated serial number pursuant to U.S.S.G. § 2K2.1(b)(4). After the computations, the total offense level was 21, corresponding to a guideline sentencing range of between 37 and 46 (Zone D). However, this assumed a Criminal History Category of I. Nevertheless, after the Pre–Sentence investigation, petitioner was considered a Criminal History Category III.

The sentencing hearing was held on April 11, 2007. (Criminal 06–086(ADC), Docket No. 198.) At that time defense counsel informed that there were objections to the Pre–Sentence Investigation Report in relation to the findings as to criminal history category. Counsel had also previously put in writing objections to the pre-sentence report. (Criminal 06–086(ADC), Docket No. 189, dated February 26, 2007). The Court decided that the assessment of the U.S. Probation Officer was the correct one. The Report was amended in relation to information regarding a co-defendant. The court then sentenced the petitioner to 108 months of imprisonment as to Count One and 60 months as to Count Ten to be served concurrently with each other, but consecutively to the sentence imposed on March 16, 2007 in criminal cases GIS2006G0010 and GIS2006G0011 at the Guayama Superior Court. (The length of that sentence was 18 years.) (Docket No. 1 at 11.) Petitioner was also sentenced to serve a four year term of supervised release in Count One and a three year term of supervised release in Count Ten, to be served concurrently. (Criminal 06–086(ADC), Docket No. 198.) The court found that petitioner had a Criminal History Category of III, which called for ranges of 87–108 months, and 46–57 months. Judgment was entered on April 17, 2007. (Criminal 06–086(ADC),

Docket No. 200.) A notice of appeal·was filed on April 23, 2007. (Criminal 06–086(ADC), Docket No. 203.) The notice of appeal contained a mistake as to the identity of the sentencing judge but was otherwise sufficient.

On July 10, 2008, Judgment was entered by the United States Court of Appeals for the First Circuit affirming the conviction pursuant to 1st Cir. R. 27.0(c). The court noted petitioner's claims that during the change of plea hearing, the sentencing court failed to explain that if he proceeded to trial, the government would have to prove his guilt beyond a reasonable doubt. The court's reading of the transcript of that hearing indicated that the sentencing court clearly spelled out the burden of proof and that petitioner indicated that he understood it. Furthermore, the court noted that petitioner has not asked for specific relief, such as for permission to withdraw his guilty plea. He has not claimed innocence, and most crucially, he has not argued that he would have gone to trial or made a different decision had the colloquy been worded differently. *See United States v. Cotal–Crespo,* 47 F.3d 1, 3–4 (1st Cir.1995.)

On October 20, 2009, petitioner again filed a notice of appeal from the judgment and sentence imposed on April 11, 2007. (Criminal 06–086(ADC), Docket No. 255.) On June 11, 2010, Judgment was entered by the United States Court of Appeals for the First Circuit pursuant to 1st Cir. R. 27.0(d) for failure to respond to an order to show cause why the appeal should not be dismissed as untimely. (Criminal 06–086(ADC), Docket Nos. 274, 282). The court noted that the warning was notified to petitioner's address at FCI, Edgefield, South Carolina.

On April 18, 2011, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

(Docket No. 1.) Petitioner claims that the court abused its discretion by improperly enhancing the petitioner's sentence based upon false information within his Pre–Sentence Report prepared by the U.S. Probation Office. Petitioner also argues that there was a breach of the plea agreement since he signed an agreement for 70–87 months in count One and 37–46 months as to count Ten but received 108 and 60 months instead. Petitioner also argues that the government failed to provide him with discovery, favorable evidence, and all Brady materials. Finally he argues that he suffered due to ineffective assistance of counsel, since his attorney failed to object to the false information within the Pre–Sentence Report and by counsel's failure to raise issues during sentencing. Petitioner requests that the sentence be vacated and that he be resentenced.

On December 2, 2011, the government filed a response in opposition to the petitioner's motion arguing basically that it should be summarily denied. (Docket No. 8.) The reason why the government believes that the petitioner's motion should be denied is that the arguments are primarily perfunctory, particularly in relation to the allegations of ineffective assistance of counsel and the change of plea and sentencing proceedings. The respondent is basically at a loss to be able to glean from the allegations of petitioner exactly what rights were violated, what information was not disclosed, what conduct of counsel was ineffective, what misconduct occurred and what information in the Pre–Sentence Report was false.

## II. ANALYSIS

■ Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998). The burden is on the petitioner to show his or her entitlement to relief under section 2255, *David v. United States,* 134 F.3d at 474, including his or her entitlement to an evidentiary hearing. *Cody v. United States,* 249 F.3d 47, 54 (1st Cir.2001) (quoting *United States v. McGill,* 11 F.3d 223, 225 (1st Cir.1993)). Petitioner has not sought an evidentiary hearing. It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." *United States v. McGill,* 11 F.3d at 226 (quoting *Moran v. Hogan,* 494 F.2d 1220, 1222 (1st Cir.1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.' ' " *United States v. McGill,* 11 F.3d at 226 (quoting *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir.1984)).

### Ineffective Assistance of Counsel

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. amend. 6. To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct.

2052, 80 L.Ed.2d 674 (1984). "This inquiry involves a two-part test." *Rosado v. Allen,* 482 F.Supp.2d 94, 101 (D.Mass.2007). "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' " *Id.* (quoting *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. 2052.) "This evaluation of counsel's performance 'demands a fairly tolerant approach.' " *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *Scarpa v. Dubois,* 38 F.3d 1, 8 (1st Cir.1994)). "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.' " *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *United States v. Natanel,* 938 F.2d 302, 309 (1st Cir.1991)). The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States,* 94 F.3d 20, 23 (1st Cir.1996) (quoting *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052). "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ' " *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *Scarpa v. Dubois,* 38 F.3d at 8) (quoting *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052); *see Mattei–Albizu v. United States,* 699 F.Supp.2d 404, 407 (D.P.R.2010). However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Argencourt v. United States,* 78 F.3d 14, 16 (1st Cir.1996) (quoting *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct.

2052). Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the facts of the case, the trial transcript, the exhibits, and the applicable substantive law.'" *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *Scarpa v. Dubois,* 38 F.3d at 15). The defendant bears the burden of proof for both elements of the test. *Cirilo–Muñoz v. United States,* 404 F.3d 527, 530 (1st Cir.2005), *cert. denied,* 558 U.S. 1131, 130 S.Ct. 1103, 175 L.Ed.2d 918 (2010), (citing *Scarpa v. Dubois,* 38 F.3d at 8–9).

▮ In *Hill v. Lockhart* the Supreme Court applied *Strickland's* two-part test to ineffective assistance of counsel claims in the guilty plea context. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ("We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."). As the *Hill* Court explained, "[i]n the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. at 58–59, 106 S.Ct. 366. Accordingly, petitioner would have to show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. 366.

In this case, the petitioner claims that he was not effectively represented by attorney Luis Rivera–Rodriguez. The government contends that the petitioner's claims are contrary to the record and too ethereal to be weighed properly. The plea agreement was exactly what was negotiated and the petitioner was put on notice that the court was not bound by the plea agreement and the recommendation of the prosecution. Indeed it is clear that the prosecutor did not deviate from the agreed-to recommendation. Petitioner at sentencing was well aware of the evidence petitioner was facing, as reflected in his signature at the end of the statement of facts in the plea agreement, which included the knowledge that the had negotiated with an undercover officer, not an informant.

There is no credible evidence to support the petitioner's claim that his attorney's representation fell below an objective standard of reasonableness, nor does the record support that but for the alleged errors by the attorney, petitioner instead of pleading guilty would have done something else, such as proceeded to trial, or stood fast for a more favorable plea offer, or entered a straight plea. Indeed, petitioner does not announce that he wishes to withdraw his guilty plea but rather wishes for the court to re-sentence him for some actually unknown reason. Petitioner's arguments only contradict the fact that during the Rule 11 procedures the petitioner agreed with the government's version of the facts.

▮ I note that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Lefkowitz v. Newsome,* 420 U.S. 283, 288, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)); *see Nieves–Ramos v. United States,* 430 F.Supp.2d 38, 43 (D.P.R.2006); *Caraballo Terán v. United States,* 975 F.Supp. 129, 134 (D.P.R.1997).

.Petitioner overlooks the fact that his attorney negotiated a favorable plea agreement with the government, regardless of whether the court followed the agreement, and if one considers what sentence he might have received after trial or after a straight plea, particularly in a case involving a functional machine gun. Petitioner signed the plea statement on October 19, 2006 which shows that he and others conspired to sell over one kilogram of cocaine on September 21, 2004 to an undercover officer, and that on August 30, 2005, he possessed the machine gun with a mutilated serial number, a machine gun which he sold to an undercover law enforcement officer. The plea agreement which he signed stipulates that for purposes of the agreement he would be held accountable for conspiring to possess with the intent to distribute at least two but less than 3.5 kilograms of cocaine. (Criminal 06–086(ADC), Docket No. 148.)

 It is well settled that a court "will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so." *United States v. Parrilla–Tirado,* 22 F.3d 368, 373 (1st Cir. 1994) (quoting *United States v. Pellerito,* 878 F.2d 1535, 1539 (1st Cir.1989)). "[I]t is the policy of the law to hold litigants to their assurances at a plea colloquy." *Torres–Quiles v. United States,* 379 F.Supp.2d 241, 248–49 (D.P.R.2005) (citing *United States v. Marrero–Rivera,* 124 F.3d 342, 349 (1st Cir.1997)). Thus, the petitioner "should not be heard to controvert his Rule 11 statements ... unless he [has] offer[ed] a valid reason why he should be permitted to depart from the apparent truth of his earlier statement[s]." *United States v. Butt,* 731 F.2d 75, 80 (1st Cir. 1984). "[T]he presumption of truthfulness of the Rule 11 statements will not be overcome unless the allegations in the § 2255 motion are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified." *United States v. Butt,* 731 F.2d at 80 (citing *Crawford v. United States,* 519 F.2d 347, 350 (4th Cir. 1975)). The Supreme Court has noted that in the context of a challenged representation, "strategic choices made. after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable...." *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. 2052. Because of the wide range of tactical decisions that a criminal defense attorney may be presented with in any given trial, judicial scrutiny of the attorney's performance must be "highly deferential" and indulge a strong presumption that the challenged action "might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052. Indeed, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight...." *Id.*

In relation to a motion to vacate sentence, ordinarily the court would have to "take petitioner's factual allegations 'as true,'" however it will not have to do so when like in this case "'they are contradicted by the record ... and to the extent that they are merely conclusions rather than statements of fact.'" *Otero–Rivera v. United States,* 494 F.2d 900, 902 (1st Cir.1974) (quoting *Domenica v. United States,* 292 F.2d 483, 484 (1st Cir.1961)).

Finally, the court also took into account the fact that the petitioner had accepted responsibility for his criminal conduct in a timely manner, therefore granting him a three-level reduction. He was clearly a leader in the enterprise, thus meriting a two-level increase. It is clear then that the petitioner was adequately represented

by his counsel and that his allegations are meritless.

## III. CONCLUSION

"Under *Strickland v. Washington,* ... counsel is not incompetent merely because he may not be perfect. In real life, there is room not only for differences in judgment but even for mistakes, which are almost inevitable in a trial setting, so long as their quality or quantity do not mark out counsel as incompetent." *Arroyo v. United States,* 195 F.3d 54, 55 (1st Cir. 1999). Petitioner has not satisfied the first prong of *Strickland.* The arguably inadequate and poor performance of his attorney did not contribute to the ultimate outcome of the criminal case. There were no errors of defense counsel that resulted in a violation of petitioner's right to adequate representation of counsel under the Sixth Amendment.

In view of the above, I find that petitioner Jean Pierre Baerga–Suarez has failed to establish that his counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington,* 466 U.S. at 686–87, 104 S.Ct. 2052; *United States v. Downs–Moses,* 329 F.3d 253, 265 (1st Cir.2003). Furthermore, even if petitioner had succeeded in showing deficiencies in his legal representation, he is unable to establish that said deficiencies resulted in a prejudice against him in the criminal proceedings. *See Owens v. United States,* 483 F.3d 48, 63 (1st Cir. 2007) (quoting *Strickland v. Washington,* 466 U.S. at 687–88, 104 S.Ct. 2052). It is impossible to find that any claimed error has produced " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " *Knight v. United States,* 37 F.3d 769, 772 (1st Cir.1994) (quoting

*Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468).

It is difficult to find that attorney Luis Rivera Rodriǵuez did not adequately represent the petitioner based on the petitioner's allegations. Also, petitioner is not entitled to re-litigate issues in a section 2255 motion that have already been disposed of on a prior appeal. *Ovalle Márquez v. United States,* 258 F.Supp.2d 7, 11 (D.P.R.2003) (citing *Singleton v. United States,* 26 F.3d 233, 240 (1st Cir.1994)). It is a settled rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Nikijuluw v. Gonzales,* 427 F.3d 115, 120 n. 3 (1st Cir.2005); *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990) Thus, the petitioner's claim that his counsel was ineffective in assisting him is without merit. Finally, petitioner has argued that the prosecutor failed to provide him with discovery, favorable evidence, and all Brady materials. This is broad, baseless, and undeveloped argument. "It is not enough merely to mention a possible argument in the most skeletal way ..." *Id.; Casas v. United States,* 576 F.Supp.2d 226, 234 (D.P.R.2008). The court is left to speculate what such material could be, and what if any bearing such material might have had on the sentence, particularly if one considers the details of the plea agreement and petitioner's criminal history category of III.

In view of the above, I recommend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within twenty (20) days of the party's receipt of this report and recommendation. The

written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

At San Juan, Puerto Rico, this 3rd day of February, 2012.