BESOSA, District Judge.
Defendant Luis Rodríguez-Sostre ("Rodríguez") and the United States entered into a plea agreement on February 11, 2016. (Docket No. 4650.) Rodríguez moves to enforce the plea agreement, requesting that the Court compel the United States to amend its sentencing recommendation. (Docket No. 5158.) For the reasons set forth below, Rodríguez's motion is DENIED .
I. Background
On September 2, 2008, a grand jury charged Rodríguez and 73 other individuals with, among other offenses, conspiring to possess with intent to distribute controlled substances within 1,000 feet of a public school, and conspiring to use and carry firearms and ammunition during, and in relation to a drug trafficking crime in violation of 21 U.S.C. section 846 and 18 U.S.C. section 924(o ), respectively. (Docket No. 4.) Rodríguez stood trial with defendants Wilfredo Rosario-Camacho ("Rosario"), Josué Pérez-Mercado (Pérez"), Ramón Maysonet-Soler ("Maysonet"), and José Negrón-Sostre ("Negrón"). (Docket 2068.)[1] On the forty-fourth day of trial, the jury found Rodríguez, Rosario and Maysonet guilty of counts one through six of the indictment. (Docket No. 2661.) The jury found Pérez and Negrón guilty of counts one through five of the indictment. Id. Rodríguez received a sentence of life imprisonment as to counts one through five, *261 and a consecutive 240-month sentence as to count six. (Docket No. 3146.)
The First Circuit Court of Appeals vacated the defendants' convictions and remanded the case for a new trial, holding that "the closure of the courtroom during jury selection was a structural error." United States v. Negrón-Sostre, 790 F.3d 295, 311 (1st Cir. 2015). The First Circuit Court of Appeals concluded, however, that "there was sufficient evidence to establish that each of the defendants aided and abetted each of the others in the possession with intent to distribute all of the types of drugs charged." Id. at 311.
Each defendant reached a plea agreement with the United States, obviating the need for a second trial. Negrón entered into a plea agreement with the United States first, followed by Rodríguez. (Docket Nos. 4627 and 4650.) Rodríguez's plea agreement provides that:
The United States reserves its right to amend this recommendation if further plea negotiations with similarly situated codefendants result in a more favorable sentence recommendation as part of their plea agreement(s).
(hereinafter, "codefendant clause"). Id. at p. 4. The United States and Rodríguez stipulated to a Total Offense Level of 38, agreeing "to recommend a sentence within the applicable guideline range." Id. On February 11, 2106, Rodriguez pled guilty to count one of the indictment. (Docket No. 4649.)
After Rodríguez pled guilty, Rosario, Maysonet and Pérez entered into plea agreements with the United States (hereinafter, "subsequent plea agreements"). (Docket Nos. 4673, 4675 and 4692.) The subsequent plea agreements set forth a Total Offense Level of 38; the United States agreed, however, "to recommend a sentence within the lower to mid-range for the applicable guideline range."[2] The United States did not amend Rodríguez's sentence recommendation to reflect the "lower to mid-range" language in the subsequent plea agreements, declining to exercise its right to do so pursuant to the codefendant clause. See Docket No. 4650 at p. 4. On May 11, 2016, the Court sentenced Rodríguez to 265 months of imprisonment. (Docket No. 4721.)[3]
Rosario moved to withdraw his guilty plea, asserting inter alia that the Court participated in plea negotiations in violation of Federal Rule of Criminal Procedure 11. (Docket Nos. 4729 and 4911.) The Court granted Rosario's motion, deeming "it appropriate to order the Clerk of the Court to reassign this case to a different judge." United States v. Rosario-Camacho, 282 F. Supp. 3d 449, 458 (D.P.R. 2017) (Besosa, J.). After reassignment to a different judge, the United States and Rosario entered into a second plea agreement. (Docket No. 5043.) Pursuant to the second plea agreement, the United States and Rosario agreed to recommend "a term of imprisonment of 160-180 months." Id. at p. 3. The United States and Rosario stipulated to a Total Offense Level of 34, four levels less than the first plea agreement. Id.; see Docket No. 4673 at p. 5. Rosario pled guilty as to count one of the indictment. (Docket Nos. 5045 and 5064.) The *262 Court imposed a sentence of 160 months imprisonment. (Docket No. 5092.)
II. Rodríguez's Motion to Enforce the Plea Agreement
Rodríguez moved to enforce his plea agreement on May 28, 2019, more than a year after the Court imposed his sentence. (Docket Nos. 4720 and 5158.) Rodríguez sets forth two arguments in support of his motion. (Docket No. 5158.) First, he argues that Rosario "negotiated a more favorable sentence recommendation and obtained a substantially lower sentence, all in violation [of Rodríguez's] plea agreement." (Docket No. 5158 at p. 7.) Second, Rodríguez argues that the "sentence imposed by this Court followed a change of plea that was the product of a violation of [his] constitutional rights." (Case No. 19-1185, Docket No. 3 at p. 1.)[4] Ultimately, Rodríguez seeks to vacate his sentence, and compel the United States to adopt the sentencing recommendation set forth in Rosario's second plea agreement. (Docket No. 5158.) The United States opposed Rodríguez's motion, and Rodríguez replied. (Docket Nos. 5165 and 5169.)
A. Jurisdiction
The Court possesses "original jurisdiction, exclusive of the courts of the States, of all offenses of the laws of the United States." 18 U.S.C. § 3231. The Court's authority to grant post-conviction relief, however, is limited. See, e.g., Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error."). Generally, the Court "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, 560 U.S. 817, 819, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (citing 18 U.S.C. § 3582(c) ); see United States v. Mercado-Flores, 872 F.3d 25, 28 (1st Cir. 2017) (holding that when "a judgment of conviction is entered upon imposition of a sentence, that sentence is a final judgment and, therefore, may only be modified by the sentencing court in certain limited circumstances.") (citation omitted).
As movant, Rodríguez shoulders the burden of establishing the existence of federal jurisdiction. See United States v. Tizoc Chalchihutlaton García-Herrera, 894 F.3d 1219, 1220 (10th Cir. 2018) (holding that the defendant "has not met his burden of establishing that the district court had jurisdiction over his post-conviction motion to compel."). The motion to enforce the plea agreement is devoid of any argument as to jurisdiction. (Docket No. 5158.) Accordingly, Rodríguez's motion is DENIED .
Rodríguez may seek relief, however, pursuant to the applicable statute. The First Circuit Court of Appeals has held that "habeas corpus provides an appropriate procedural vehicle for advancing" claims that the United States breached a plea agreement. Bemis v. United States, 30 F.3d 220, 221 (1st Cir. 1994) (remanding defendant's Section 2255 motion for the district court to determine whether the United States breached the plea agreement); see United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir. 2008) ("[W]e hold that the district court in which a defendant pled guilty pursuant to a written *263 plea agreement has jurisdiction over a motion filed by the defendant to enforce the agreement under § 2255.").[5] Consequently, Rodríguez may pursue enforcement of the plea agreement pursuant to Section 2255. See, e.g., Baerga-Suárez v. United States, 30 F. Supp. 3d 91 (2014) (denying the defendant's Section 2255 motion alleging that "the government tricked him into a plea agreement without presenting any concrete instances where the government acted in a deceitful way") (Delgado-Colón, J.).
III. Conclusion
For the reasons set forth above, Rodríguez's motion to enforce the plea agreement between him and the United States is DENIED. (Docket No. 5158.)
IT IS SO ORDERED.

The aliases for Rodríguez, Rosario, Maysonet and Negrón are "Omar Lexus," "Tito Kilo," "Pepón," and "Dimas," respectively. (Docket No. 4.) The indictment does not set forth an alias for Pérez. Id.

Rosario Plea Agreement (Docket No. 4673 at p. 5.), Maysonet Plea Agreement (Docket No. 4675 at p. 5.), and Pérez Plea Agreement (Docket No. 4692 at p. 4).

Negrón, Maysonet and Pérez pled guilty to count one of the indictment. (Docket Nos. 4646 and 4691.) The Court imposed a sentence of 135 months imprisonment on Negrón. (Docket No. 4713.) Maysonet and Pérez received a sentence of 264 and 265 months imprisonment, respectively. (Docket Nos. 4779 and 4828.)

On February 26, 2019, Pérez moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Civil No. 19-1185, Docket No. 1.) Pérez argues that "[j]udicial participation in plea discussions require that the conviction be vacated and the case remanded for further proceedings before a different judge." Id., Docket No. 7 at p. 10 (citing United States v. Hemphill, 748 F.3d 666, 672 (5th Cir. 2014). Rodríguez adopts the arguments sets forth in Pérez's Section 2255 motion. (Case No. 08-310, Docket No. 5158 at p. 4.)

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the Petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) ).